# ERIE RAILROAD COMPANY *v.* SOLOMON.

ERROR TO THE SUPREME COURT OF THE STATE OF OHIO.

No. 559. Argued February 24, 1915.—Decided May 10, 1915.

Writ of error to review the judgment of a state court, in an action for personal injuries based on the Safety Appliance Law of the State substantially identical with the Federal law, and affirmed by the intermediate appellate and the highest court of the State without opinion, dismissed for want of jurisdiction under § 237, Judicial Code.

Even if the highest court of the State, after affirmance, certified as part of the record the fact that it had been necessary to consider the Federal Safety Appliance Act and to determine whether the Ohio Safety Appliance Act, as construed by the trial court, is not repugnant to the Fourteenth Amendment, the Federal questions suggested as the basis for the writ of error in this case are so frivolous as not to afford jurisdiction under § 237, Judicial Code.

THE facts, which involve the construction and application of the Safety Appliance Act and the jurisdiction of this court under § 237, Judicial Code, are stated in the opinion.

*Mr. Leroy Manchester,* with whom *Mr. C. D. Hine* was on the brief, for plaintiff in error:

A right, privilege and immunity from liability was asserted and denied under the provisions of the Safety Appliance Act of the United States. The Federal Safety Appliance Act controls. The coupler satisfies the statute.

A right, privilege, and immunity from liability was asserted and denied under the Fourteenth Amendment.

In support of these contentions see *Atlantic Coast Line* v. *United States,* 168 Fed. Rep. 175; *Binns* v. *United States,* 194 U. S. 486, 495; *Church of Holy Trinity* v. *United States,* 143 U. S. 457, 463; *Chicago, M. & St. P. Ry.* v. *Voelker,* 129 Fed. Rep. 522; *C., B. & Q. R. R.* v.

*United States*, 211 Fed. Rep. 12; *Chicago &c. Ry. Co.* v. *Chicago*, 166 U. S. 226, 241; *Chicago, Milw. & St. P. R. R.* v. *United States*, 165 Fed. Rep. 423; *Coggs* v. *Bernard*, 2 Ld. Ray. 911; *Devine* v. *Chicago & C. R. R.* (Ill.), 102 N. E. Rep. 803; *Davidson* v. *New Orleans*, 96 U. S. 97, 102; *Fayerweather* v. *Ritch*, 195 U. S. 276; *Johnson* v. *So. Pac. Co.*, 196 U. S. 1; *Jacobson* v. *Massachusetts*, 197 U. S. 11; *Morris* v. *St. Louis S. W. Ry.* (Texas), 158 S. W. 1055; *Pennell* v. *Phila. & Reading R. R.*, 231 U. S. 675; *Smyth* v. *Ames*, 169 U. S. 466; *San Diego Land Co.* v. *National City*, 174 U. S. 739, 754; *St. Louis & I. Mtn. R. R.* v. *Taylor*, 210 U. S. 281; *Siegel* v. *N. Y. Cent. & H. R. R.*, 178 Fed. Rep. 873; *Southern Railway* v. *Crockett*, 234 U. S. 725; *United States* v. *Harris*, 177 U. S. 309; *Un. Pac. R. R.* v. *Brady*, 161 Fed. Rep. 719; *United States* v. *Erie R. R.*, 197 Fed. Rep. 287; *S. C.*, 212 Fed. Rep. 853; *United States* v. *Boston & Maine R. R.*, 168 Fed. Rep. 148; *United States* v. *Rio Grande Ry. Co.*, 174 Fed. Rep. 399; *United States* v. *Atchison, T. & S. F. Ry.*, 150 Fed. Rep. 442; *United States* v. *Illinois Cen. R. R. Co.*, 170 Fed. Rep. 542, 549; *United States* v. *Kirby*, 7 Wall. 482; *Wetmore* v. *Markoe*, 196 U. S. 68, 77.

This court has jurisdiction as Federal questions exist, and were properly raised.

A right, privilege, and immunity from liability was asserted and denied under the provisions of the Safety Appliance Act of March 2, 1893, c. 196, 27 Stat. 531; as amended by the act of March 2, 1903, 32 Stat. 943, 976; 16 Cyc., 861, and cases cited; *Southern Ry. Co.* v. *United States*, 222 U. S. 20.

A right, privilege, and immunity from liability was asserted and denied under the Fourteenth Amendment.

These Federal questions were properly raised. *Rector* v. *City Deposit Bank*, 200 U. S. 405, 412; *Chambers* v. *Balt. & Ohio R. R.*, 207 U. S. 142; *San Jose Land* v. *San Jose Ranch Co.*, 189 U. S. 177; *Haire* v. *Rice*, 204 U. S.

291; *Atchison, T. &c. R. R.* v. *Sowers,* 213 U. S. 55, 63; *Carlson* v. *Washington,* 234 U. S. 103; *Arkansas Southern Ry.* v. *German Bank,* 207 U. S. 270; *Furman* v. *Nichols,* 8 Wall. 44; *Crapo* v. *Kelly,* 16 Wall. 610; *Andrews* v. *Andrews,* 188 U. S. 14; *Pennywit* v. *Eaton,* 15 Wall. 380; *Louis. & Nash. R. R.* v. *Higdon,* 234 U. S. 592; *Mo. Pac. Ry. Co.* v. *Larabee,* 234 U. S. 459; *Western Turf Ass'n* v. *Greenburg,* 204 U. S. 359; *Ill. Cent. R. R.* v. *Chicago,* 176 U. S. 646; *Blythe* v. *Hinckley,* 180 U. S. 333; *Meyer* v. *Richmond,* 172 U. S. 82; *East Tenn. &c. Ry.* v. *Frazier,* 139 U. S. 288; *Home for Incurables* v. *New York,* 187 U. S. 155; *Eau Claire Bank* v. *Jackman,* 204 U. S. 522; *Hammond* v. *Whittredge,* 204 U. S. 538; *Nutt* v. *Knut,* 200 U. S. 12; *McCormick* v. *Market Bank,* 165 U. S. 538; *California Bank* v. *Kennedy,* 167 U. S. 362; *Ill. Cent. R. R.* v. *McKendree,* 203 U. S. 514; *St. Louis & I. M. Ry.* v. *Taylor,* 210 U. S. 281, 293; *Southern Ry.* v. *Crockett,* 234 U. S. 725; *Nor. Car. R. R.* v. *Zachary,* 232 U. S. 248; *Miedreich* v. *Lauenstein,* 232 U. S. 236; *Grannis* v. *Ordeau,* 234 U. S. 385; *International Harvester Co.* v. *Missouri,* 234 U. S. 199; *Louis. & Nash. R. R.* v. *Higdon,* 234 U. S. 592.

*Mr. Emil J. Anderson* for defendant in error.

MR. CHIEF JUSTICE WHITE delivered the opinion of the court.

Solomon, the defendant in error, sued to recover for personal injuries suffered by him while he was working as a brakeman on a switch engine in the yard of the defendant company at Youngstown, Ohio. The negligence charged was that the tender of the engine had a defective coupler in that the knuckle and pin on the same could not be worked without going between the cars and that the draw-bar had so much side play that it would not meet the couplers of other cars and therefore would not

automatically couple by impact. The first defect may be put out of view as the jury found it did not exist. As to the second, the respective contentions at the trial were, on the part of the plaintiff, that the play of the draw-bar was so great as to cause the coupler to be defective, and on the part of the defendant, that while the draw-bar may have had some side play it only existed to the degree which was essential in such an appliance and therefore there was no defect. The trial court submitted the case to the jury on the theory that the coupler was defective if it had an unusual side play and conversely that it was not if it did not have such a degree of side play. From the pleadings and the course of the trial there is no room for dispute that the case was tried upon the theory that the right to recover was based on the Safety Appliance Law of Ohio, substantially identical in its terms with the Safety Appliance Law of the United States. The judgment on the verdict of the jury in favor of the plaintiff was affirmed without opinion by the Circuit Court and again affirmed without opinion by the Supreme Court of Ohio to which judgment the writ of error now before us was prosecuted.

Confining the case to the statement just made it is beyond dispute that there is no jurisdiction to review, but it is insisted that the case is not so confined because after affirmance the court below entered an order which it directed should be made part of the record certifying that in deciding the case it became necessary for it to consider whether the United States Safety Appliance Law was applicable and whether as construed by the trial court the state law if applicable was not repugnant to the due process clause of the Fourteenth Amendment. But assuming that the recited Federal questions are in the record and require consideration, they are so without merit and frivolous as not to give basis for jurisdiction: First, because such plainly is the result of the contention that error to

the prejudice of the defendant company concerning the United States Safety Appliance Law, if that law applied, was committed by instructing that it exacted a usual, that is, ordinary degree of care in the appliances to which that act related. And second, because a like view inevitably is necessary concerning the contention that the State Safety Appliance Law, if it applied, would be repugnant to the Fourteenth Amendment if it exacted a usual and ordinary degree of care. But this is not adequate to dispose of the case since the argument is that error as to the recited Federal question directly arose from the refusal of the court to instruct a verdict for the Railroad Company on the ground that there was no proof tending to show an unusual or any defect in the coupler, thereby permitting the jury to find a liability under the law of the United States where none existed, and under the theory of the application of the state law, causing such law to impose a liability for an appliance which was not defective, and hence to take property without due process of law. But while the proposition changes the form of the contention, it does not change the substance of things since we are of the opinion after an examination of the record that the contention that the case should have been taken from the jury on the ground stated is so wholly devoid of merit and wanting in substance as to afford no basis for jurisdiction. As a proposition which is unsubstantial and frivolous cannot be made substantial by asserting another proposition of the same character, it results that there is no ground for the exercise of jurisdiction and the writ of error is therefore

*Dismissed for want of jurisdiction.*