## CLAUGHTON v. ATLANTIC COAST LINE R. CO.

### No. 5844.

Circuit Court of Appeals, Fifth Circuit.

March 11, 1931.

D. C. McMullen, of Tampa, Fla., for appellant.

T. Paine Kelly, of Tampa, Fla. (T. Paine Kelly and J. W. B. Shaw, both of Tampa, Fla., on the brief), for appellee.

Before FOSTER, SIBLEY, and WALKER, Circuit Judges.

WALKER, Circuit Judge.

This was an action by the appellant against the appellee for damages for the wrongful death of the former's husband caused by a train of the appellee colliding with an automobile which the deceased was driving over appellee's railroad track where it crossed Park boulevard, a public highway, in the town Pinellas Park, in the state of Florida. There was evidence tending to prove the following: While the deceased was driving west on the highway, which runs east and west, a train traveling very rapidly on the railroad track, which runs northeast and southwest with respect to the highway, struck deceased's automobile and killed him at the crossing, which is about the center of the town, where the highway is much traveled. This occurred at about 6:30 p. m., between

sunset and dark. Witnesses who were on the highway and near the crossing at that time testified that they heard the engine whistle just about as the train struck the street, and that they heard no whistle before that one, and heard no bell rung. At that time there was a box car on a side track east of the main line which obstructed the view of one approaching the railroad track from the east when he got pretty close to the crossing. The view from the crossing in the direction from which the train was coming was unobstructed. The rear of the train was about 75 or 100 yards beyond the street when it stopped. The train was seven minutes late. The fireman stated that he saw the deceased about a half mile before he got to the crossing; that he told the engineer that deceased was in peril right on the crossing, just approaching the crossing. The engineer stated that he did not see deceased's automobile before the accident; that the fireman warned him of the accident approximately 50 feet from the crossing. Upon the conclusion of the evidence, the court directed a verdict in favor of the defendant.

The following Florida statutes are applicable to the state of facts disclosed by evidence adduced:

"Every railroad company, whenever its track crosses a highway, shall put up large sign boards at or near said crossing with the following inscription in large letters on both sides of the boards: 'Look out for the cars!' In all incorporated cities and towns the said companies shall cause the bell on the engine to be rung before crossing any of the streets of a city or town." Compiled General Laws of Florida, 1927, Ann. § 6592.

"*Liability of Railroad Company.*—A railroad company shall be liable for any damage done to persons, stock or other property, by the running of the locomotives, or cars, or other machinery of such company, or for damage done by any person in the employ and service of such company, unless the company shall make it appear that their agents have exercised all ordinary and reasonable care and diligence, the presumption in all cases being against the company." Id. § 7051.

"*When Recovery of Damages Forbidden.*—No person shall recover damages from a railroad company for injury to himself or his property, where the same is done by his consent, or is caused by his own negligence. If the complainant and the agents of the company are both at fault, the former may recover, but the damages shall be diminished or increased by the jury in proportion to the amount of default attributable to him." Id. § 7052.

Under the second above set out statute, the burden of proving the alleged injury or death is on the plaintiff, and the burden of showing the absence of negligence is on the defendant. Under the last above set out provision, if the deceased and the agents of the defendant were both at fault, the plaintiff was entitled to recover, but the amount of damages is required to be diminished in proportion to the contributory negligence of the deceased. Atlantic Coast Line R. Co. v. Weir, 63 Fla. 69, 58 So. 641, 41 L. R. A. (N. S.) 307, Ann. Cas. 1914A, 126; Atlantic Coast Line R. Co. v. Watkins, 97 Fla. 350, 121 So. 95; Germak v. Florida East Coast Ry. Co., 95 Fla. 991, 117 So. 391; Florida East Coast Ry. Co. v. Nance, 96 Fla. 171, 117 So. 842. There was evidence tending to prove that the deceased was negligent in failing to have his car under control as it approached the railroad crossing and to look out for an approaching train before going on or in dangerous proximity to the crossing; and that the appellee's agents in charge of the operation of its train were negligent in running it at a speed which was excessive and dangerous, where the railroad track crossed a much-traveled highway or street in a town, in not blowing the whistle or ringing the bell of the engine to give timely warning to inattentive persons traveling on the street or highway crossed, and in not having the engine so under control that the train could be stopped before reaching the crossing. It is quite plain that the record does not show that absence of negligence chargeable against the appellee was proved by undisputed evidence. A state of facts which evidence tended to prove was such that appellant was entitled to recover, though the damages were subject to be diminished in proportion to contributory negligence of the deceased. It follows that the above-mentioned ruling was erroneous. Because of that error, the judgment is reversed, and the cause is remanded, with direction that a new trial be granted.

Reversed.