## SEABOARD AIR LINE RAILWAY
## CO. *v.* WATSON.

No. 4.  Argued October 14, 1932.—Decided November 7, 1932.

*Mr. W. J. Oven* for appellant.

*Mr. John E. Mathews* for appellee.

MR. JUSTICE BUTLER delivered the opinion of the Court.

Appellant seeks reversal of a judgment obtained by appellee upon the ground that § 7051 of the Compiled General Laws, 1927, as construed below is repugnant to the due process and equal protection clauses of the Fourteenth Amendment. § 237, Judicial Code, 28 U. S. C.,

§ 344. Section 7051 declares: "A railroad company shall be liable for any damage done to persons, stock or other property, by the running of the locomotives, or cars, or other machinery of such company, or for damage done by any person in the employ and service of such company, unless the company shall make it appear that their agents have exercised all ordinary and reasonable care and diligence, the presumption in all cases being against the company."

Watson sued the railway company to recover damages caused by a collision, at a highway grade crossing, between one of defendant's locomotives and plaintiff's mule team being driven by his employee. The declaration alleged that the collision was caused by the negligence of defendant in that it operated the train at excessive speed and failed by whistle or otherwise to give warning. Defendant pleaded not guilty and that the negligence of the driver was the sole cause of the accident. Plaintiff introduced evidence showing the collision and resulting damage. Defendant called witnesses whose testimony tended to show that its employees were not negligent and that the driver's negligence was the sole cause of the accident. Plaintiff produced witnesses in rebuttal who gave evidence to show that the accident resulted from the negligent failure of defendant to give proper warning.

In the course of its charge the court instructed the jury: (1) The plea of not guilty imposes on plaintiff the burden of proving that the damage was caused by alleged negligence of defendant; (2) " Our statute provides that a railroad company shall be liable for any damage done to stock or property of another by the running of locomotives or cars unless the company shall make it appear that their agents have exercised all ordinary and reasonable care and diligence,—the presumption in all cases being against the company "; (3) If defendant's employees and plaintiff's teamster were at fault the plaintiff may recover the

amount of his damages reduced in proportion to the contributory negligence of his servant; (4) If the evidence establishes that the damage alleged was caused by the running of the locomotive, plaintiff may recover "unless the defendant company shall make it appear by a preponderance of the evidence that its employees exercised all ordinary and reasonable care and diligence in the premises"; (5) The defendant submitted a request to charge which was by the court "slightly modified" and given as follows: "The presumption of negligence cast upon railroads by our statute in personal injury cases ceases when the railroad company has made it appear by a preponderance of the evidence that its agents have exercised all ordinary and reasonable care and diligence. In the presence of such proof by the railroad company the jury do not take any such presumption with them to the jury room in weighing the evidence and in coming to a determination. The statute does not create such a presumption as will outweigh proofs, or that will require any greater or stronger or more convincing proofs to remove it." Defendant submitted two requests for instructions in respect of negligence on the part of the teamster but the court refused to give them.

The jury gave plaintiff a verdict for the amount of his damages and the trial court entered judgment thereon. The supreme court sustained the finding of negligence on the part of the defendant, but held that the evidence established contributory negligence and ordered that unless plaintiff enter a remittitur for a specified sum the judgment should be reversed and a new trial granted. The plaintiff made the reduction and judgment was entered for the remainder.

The Florida statute in question is the same as that of Georgia condemned by this court as so unreasonable and arbitrary as to be repugnant to the due process clause of the Fourteenth Amendment. It was not necessary to

consider, and we did not decide, whether the statute also violated the equal protection clause. *Western & Atlantic R. Co.* v. *Henderson*, 279 U. S. 639, reversing 167 Ga. 22.

Appellant failed in the trial court to assail the statute on any ground upon which rests our decision in the *Henderson* case. In its motion for a new trial and in the assignment of errors submitted with its proposed bill of exceptions, it asserted as to each of the instructions numbered (2), (3) and (4) that the court erred in so charging "because the effect of said charge was to deprive the defendant of the equal protection of the law, contrary to the Constitution of the United States." And it made the same objection to another charge which, so far as concerns questions before us, is not to be distinguished from instruction (4). Appellant has not included in the record its request which was by the court modified and given. It does not appear how the instruction differed from the request and, as appellant has not complained of the modification or of the charge as given, the instruction is to be considered as not differing materially from the request and to have been acquiesced in and accepted by appellant. The record on which the case was taken to the state supreme court discloses no contention on the part of appellant that as construed at the trial the statute is unreasonable or arbitrary or that it operated as a denial of due process of law. But the opinion of that court states—whether inadvertently we need not consider—that some assignments of error question the constitutionality of the section as denying the defendant " due process of law " and the equal protection of the laws. After reference to our decision in the *Henderson* case and to *Mobile, J. & K. C. R. Co.* v. *Turnipseed*, 219 U. S. 35, the court said: " All that the statute does in this state in creating a presumption is thereby to cast upon the railroad company the burden of affirmatively showing that its agents exercised all ordinary and reason-

able care and diligence, and here the statutory presumption ends," held that the trial court " properly instructed the jury in regard to the presumption in this case " and overruled appellant's contention that the statute is unconstitutional because it does not apply to buses as well as to railroads.

The errors assigned and urged here amount to no more than that as construed the section operated to deny appellant equal protection because it required appellant to carry throughout the trial a burden not put upon motor carriers for hire or other litigants, and that the refusal of the trial court to give to the jury the requested instructions in respect of negligence on the part of the teamster deprived appellant of the equal protection of the laws.

In view of numerous decisions of this court sustaining legislative classifications for various purposes and declaring the principles upon which their constitutional validity depends, it does not require any discussion to show that the mere discrimination resulting from the application of the presumption created by § 7051 to appellant and other railroad companies and the failure of the State to prescribe the same or a like rule in similar actions against carriers by motor for hire or other litigants does not violate the equal protection clause of the Fourteenth Amendment. Appellant's contention to the contrary is without substance. *Missouri Pacific Ry. Co.* v. *Humes,* 115 U. S. 512, 522. *Missouri Pacific Ry. Co.* v. *Mackey,* 127 U. S. 205, 209. *Chicago, K. & W. R. Co.* v. *Pontius,* 157 U. S. 209, 210. *St. Louis & San Francisco Ry. Co.* v. *Mathews,* 165 U. S. 1, 24 *et seq. Gulf, Colorado & Santa Fe Ry. Co.* v. *Ellis,* 165 U. S. 150, 157 *et seq. Atchison, Topeka & Santa Fe Ry. Co.* v. *Matthews,* 174 U. S. 96. *Mobile, J. & K. C. R. R.* v. *Turnipseed, supra,* 41–42. *Truax* v. *Corrigan,* 257 U. S. 312, 337.

The assignments of error accompanying this appeal contain a single reference to due process. It is in a speci-

fication which merely asserts that the state supreme court " erred in holding that the scope and effect of Section 7051 . . . did not in the trial of this case in the Court below deprive the . . . Railway Company . . . of its property without due process of law and of the equal protection of the law as guaranteed to it " by § 1 of the Fourteenth Amendment.

It is essential to a proper presentation of points relied on for reversal that the statute and rules of court requiring and governing the forms of assignments of errors be complied with. Every appeal must be accompanied by an assignment of errors which shall " set out separately and particularly each error asserted." R. S., § 997, 28 U. S. C., § 862. Rule 9. The purpose is to enable the court as well as opposing counsel, readily to perceive what points are relied on. The substitution of vague and general statement for the prescribed particularity sets the rule at naught. *Phillips & Colby Construction Co.* v. *Seymour*, 91 U. S. 646, 648. *Briscoe* v. *District of Columbia*, 221 U. S. 547, 549–550. And as the rule makes for convenience and certainty in the consideration of cases the court may, and generally it will, disregard a specification that is so uncertain or otherwise deficient as not substantially to comply with the rule, even if the opposing party raises no question and treats it as adequate. The quoted assignment amounts merely to a complaint that the supreme court erred in not reversing the judgment of the trial court because " in the trial of this case " the " scope and effect " of the section deprived appellant of its property in violation of both the due process and equal protection clauses. An allegation of error could scarcely be more indefinite. It does not identify any ruling at the trial or specify any basis for the assertion of deprivation of constitutional right. It presents no question for our consideration.

The assignments of error based upon the court's failure· to instruct the jury concerning contributory negligence of plaintiff's teamster in accordance with defendant's requests present no question for decision here. The record discloses no foundation for the claim that the refusal so to charge was, as appellant asserts, " because of the statute." It does not appear that the trial court regarded the statute as having any relation to the precaution or care required of plaintiff's driver when approaching the crossing. The claim that such refusals transgressed the constitutional rule of equality is· utterly without foundation.

No substantial constitutional question being presented, the appeal will be dismissed. *Wabash R. Co.* v. *Flannigan,* 192 U. S. 29. *Erie R.* v. *Solomon,* 237 U. S. 427, 431. *Sugarman* v. *United States,* 249 U. S. 182. *Zucht·* v. *King,* 260 U. S. 174. *Roe* v. *Kansas,* 278 U. S. 191.

*Dismissed.*

MR. JUSTICE BRANDEIS took no part in the consideration or decision of this case.