## MEEHAN v. UNITED STATES.

### FREY v. SAME.

### Nos. 7254, 7255.

Circuit Court of Appeals, Ninth Circuit.
May 7, 1934.

Rehearing Denied June 15, 1934.

Joseph W. Ryan, Frank J. Ryan, Freston & Files, and J. R. Files, all of Los Angeles, Cal., for appellants.

Peirson M. Hall, U. S. Atty., and Clyde Thomas, Asst. U. S. Atty., both of Los Angeles, Cal., for the United States.

Before WILBUR, SAWTELLE, and GARRECHT, Circuit Judges.

WILBUR, Circuit Judge.

The facts and circumstances of these two cases are practically identical; therefore, while there are separate transcripts of record, they have been briefed and submitted together on this appeal and will be disposed of in one opinion.

Appellants were indicted for perjury in violation of section 125 of the Criminal Code (18 USCA § 231), and, after separate trials

before different juries, each was convicted and appeals. The perjury is alleged to have been committed during an interference proceeding before the United States Patent Office. Mansell A. Davis applied for a patent on a folding camp bed and appellant Frey also applied for a patent on the same bed. An interference was declared by the Commissioner of Patents and depositions of appellants, Frey and Meehan, were taken in support of Frey's claim for patent. Appellant Frey offered a certain drawing (U. S. Ex. 5) as evidence that he was the inventor of the bed in question and in his deposition stated that the drawing was made by him during the month of April or May, 1925. Appellant Meehan testified by deposition that he knew the drawing was made by appellant Frey and that he had seen it in the joint office of the Kittle Manufacturing Company and Leonard Machinery Company in the month of May or early part of June, 1925. This testimony of appellants, Frey and Meehan, is alleged to be perjurious in that the drawing was not made by appellant Frey but was made one Gustave Schultz, an employee of the Kittle Manufacturing Company, and was not made prior to the month of August, 1925, which appellants well knew. That the alleged perjurious statements bore on the date of the invention by Frey and therefore were on a material matter is conceded.

It is fundamental that errors must be properly assigned in the record to present the questions for review on appeal. The assignment of errors contained in the transcript of record in Meehan v. U. S. A., No. 7254, is insufficient to present any question for our consideration. We quote the assignment of errors as follows:

"There is manifest error in this, to-wit:

"1. The court erred in admitting testimony over objections of the defendant to which rulings exceptions were duly taken.

"2. The evidence is insufficient to justify the verdict.

"3. The evidence is insufficient to justify and sustain the judgment.

"4. The verdict is contrary to law.

"5. The verdict is contrary to the evidence.

"6. The verdict is contrary to the law and the evidence.

"7. The court erred in permitting preliminary questions of Kenneth T. Norris pertaining to conversations with John P. Meehan regarding royalties to be paid to Mr. Davis.

"8. The court erred in permitting examination of the witness Kenneth T. Norris relating the persons present at the time said alleged conversations took place.

"9. The court erred in permitting the examination of the witness Kenneth T. Norris regarding the fixation of time pertaining to conversations regarding payments of royalties.

"10. The court erred in permitting the alleged conversation between Kenneth T. Norris and John P. Meehan concerning the payment of royalties.

"11. The court erred in permitting the Government to read certain testimony taken in a patent interference case, to-wit: the testimony of one Elmer E. Frey.

"12. The court erred in permitting the reading of testimony in a patent interference case, to-wit: the testimony of one Mansell A. Davis.

"13. The court erred in permitting introductory question propounded by the Government to Mansell A. Davis regarding folding camp beds, and particularly Government's exhibit No. 12.

"14. The court erred in permitting the prosecution to inquire regarding the taking of the model (Government's Exhibit No. 12) to Kittle Manufacturing Plant; questions propounded to Mansell A. Davis.

"15. The court erred in permitting introduction of testimony of a conversation between Mansell A. Davis and John P. Meehan subsequent to bringing the alleged model (Government's Exhibit No. 12) to the Kittle plant.

"16. The court erred in permitting conversation between Mansell A. Davis and John P. Meehan regarding royalties prior to the time of making the alleged perjurious statements.

"17. The court erred in permitting the testimony of J. Clark Sellers, an expert, regarding certain drawings.

"18. The court erred in permitting the cross examination of defense witness Elmer E. Frey regarding his being a defendant in a criminal proceeding containing substantially the same subject matter as the Meehan indictment, which was an improper method of impeaching the witness.

"19. The United States attorney was guilty of misconduct in the examination of the witness Elmer E. Frey as to his being a defendant in a criminal action, having the same subject matter as the John P. Meehan

indictment. Error caused by improper method of impeachment.

"Under the foregoing assignments of error and upon the record of said case, and said defendant prays that said verdict and judgment rendered,—be reversed."

▮ Assignments Nos. 1 and 7 to 17, inclusive, do not conform to rule 11, of the rules of this court, which requires that "when the error alleged is to the admission or to the rejection of evidence the assignment of errors shall quote the full substance of the evidence admitted or rejected." As was said by Mr. Justice Butler speaking for the Supreme Court in Seaboard Air Line R. Co. v. Watson, 287 U. S. 87, 91, 53 S. Ct. 32, 34, 77 L. Ed. 180, 86 A. L. R. 174:

"It is essential to a proper presentation of points relied on for reversal that the statute and rules of court requiring and governing the forms of assignments of errors be complied with."

▮ Assignments Nos. 2, 3, 4, 5, and 6 are too general to raise any question for consideration.

▮ Assignments Nos. 18 and 19 allege error in permitting counsel for the government to ask defense witness Elmer E. Frey whether he was the defendant in suit No. 9998—M pending in that court, but do not show any objection to the evidence, any ruling of the court, or any exception to a ruling of the court, as required by rule 11.

The ruling relied upon by appellant in his brief to support this assignment is set forth in the bill of exceptions as "Exception No. 19." The objection interposed to the question was that it was irrelevant and no exception was taken to the overruling of the objection by the court, therefore, error cannot be predicated thereon. Moreover, the question was a proper one on cross-examination to develop the interest of the witness in the case. The question of misconduct based upon the asking of this question sought to be raised by assignment No. 19 was not presented to the trial court and need not be considered on this appeal. It was not misconduct to attempt to show the interest of the witness on his cross-examination.

In Frey v. U. S. A., case No. 7255, the assignment of errors is as follows:

"There is manifest error in this, to-wit:

"1. The court erred in its rulings admitting testimony over the objections of the defendant Elmer E. Frey, to which rulings exceptions were duly taken.

"2. The court erred in refusing to admit testimony of Kenneth T. Norris and Fred L. Sells, testimony offered on part of the defendant, taken at the time of the patent interference proceeding explaining the basis of the testimony of the defendant Elmer E. Frey on the alleged perjurious subject matter.

"3. The verdict is contrary to the law.

"4. The verdict is contrary to the evidence.

"5. The verdict is contrary to the law and evidence.

"6. The judgment is not supported by the evidence.

"Upon the foregoing as assignments of error and upon the record of said case, and said defendant prays that said verdict and judgment rendered, be reversed."

▮ Assignment No. 1 does not conform to rule 11 of the rules of this court and will therefore not be considered. Assignments Nos. 3, 4, 5, and 6 are too general to present anything for review. Assignment No. 2 seeks to raise the question of the admissibility of the evidence given by Norris and Sells in the interference proceeding, but does not show the offer of proof, the question asked, nor the ruling of court thereon and therefore is an insufficient assignment. The ruling relied upon by the appellant to support this assignment is stated in the brief and bill of exceptions as exception No. 6. Without making a showing that the witnesses were not available to testify in person, appellant sought to read the testimony given by these witnesses in the interference proceedings. The trial court ruled the evidence inadmissible. These two witnesses were produced and testified in person at the trial of appellant Meehan, and, for aught that appears in the record, could have been produced in person at the trial of appellant Frey also. Appellant states in his brief that the evidence was not offered to prove the facts testified to by these witnesses, but to show what their testimony was in the interference proceedings, to negative the claim that alleged perjurious testimony given by the appellant therein was given willfully or corruptly. It does not appear that such testimony would have any such tendency. It was properly excluded.

▮ Appellants argue in their briefs that the evidence is not sufficient to sustain the verdicts. They are not entitled to challenge the sufficiency of the evidence for the reason that the bills of exceptions do not include motions for directed verdicts at the close of all the evidence, rulings thereon by the trial court, and exceptions taken to those

rulings. Nevertheless, we have examined the records and the evidence is amply sufficient to sustain the convictions.

There is no error apparent in the records in these two cases and the records do not present situations in which there has been a miscarriage of justice. The judgments will therefore be affirmed.

Judgments affirmed.