PAWLEY v. UNITED STATES.

No. 7526.

Circuit Court of Appeals, Ninth Circuit.

Nov. 26, 1934.

Stickney & Stickney, of San Diego, Cal., and Lemuel P. Mathews, of Phoenix, Ariz., for appellant.

Peirson M. Hall, U. S. Atty., and Hugh L. Dickson, Asst. U. S. Atty., both of Los Angeles, Cal., for the United States.

Before WILBUR, SAWTELLE, and GARRECHT, Circuit Judges.

SAWTELLE, Circuit Judge.

Appellant was indicted for violation of section 150 of the Penal Code (18 USCA § 264). The indictment charges that appellant "did knowingly, wilfully, unlawfully and feloniously have in his possession seven (7) film negatives in the likeness and similitude as to the designs and inscriptions thereon of plates designed for the printing of obligations and securities of the United States," with intent to use such film negatives and to suffer the same to be used in forging and counterfeiting certain obligations of the United States, to wit: $20 national bank notes, $5 United States notes, and $5 and $20 notes.

The record presents an anomalous situation. The verdict of guilty was returned into court on February 3, 1934, and on that date appellant was sentenced to imprisonment in a federal penitentiary, to be thereafter designated, for a term and period of three years. On February 23, 1934, appellant filed his petition for appeal and assignments of error and later filed his proposed bill of exceptions. On May 26, 1934, the government filed its proposed amendments to the bill of exceptions so filed by appellant. So far as the record shows, nothing further was done by appellant, and on June 6, 1934, the proposed amendments to the bill of exceptions were apparently allowed and settled as the bill of exceptions. While the certificate to the proposed amended bill recites that "said bill contains all of the material evidence which was given and the proceedings had upon the trial of this action to which exceptions were duly offered by the defendant," it is perfectly apparent from the record and the argument made by appellant in his brief that it does not contain all the material evidence admitted at the trial. There are half a dozen instances in which appellant in his brief refers to evidence which is not contained in the bill of exceptions. We are, of course, confined to the record as therein presented.

Appellant assigns as error the refusal of the court, at the close of all the evidence, to direct a verdict of not guilty upon the

ground that there was no competent evidence to sustain a verdict. No motion for a directed verdict was made at the close of the case and no exception was reserved. Such a motion was made at the close of the government's case, but not renewed at the close of all the evidence. In the absence of a proper motion, timely made, we cannot pass on the sufficiency of the evidence to sustain the conviction.

Another error assigned relates to the refusal of the court to give certain written instructions to the jury, as requested by appellant. No proposed instructions are contained in the bill of exceptions [Baldwin v. United States (C. C. A. 9) 72 F.(2d) 810, 814], and the bill does not show any exceptions to the refusal of the court to give the same. Furthermore, the record does not contain the entire charge of the court to the jury and in its absence it would be impossible to determine whether or not the court erred in failing to give any of the requested instructions. We must presume on appeal that such instructions were refused because substantially given in the court's general charge. Hall v. United States (C. C. A. 9) 48 F.(2d) 66; Northern Pacific Ry. Co. v. Tynan (C. C. A. 9) 119 F. 288; Spokane P. & S. R. Co. v. Cole (C. C. A. 9) 54 F.(2d) 318, 319.

Another assignment relates to alleged misconduct on the part of the United States attorney in his address to the jury. The bill of exceptions contains no reference whatever to the alleged misconduct, or any objection or exception thereto.

The same is true with reference to the assignment relating to the cross-examination of appellant while on the witness stand in his own behalf, as to the particulars of a previous conviction of a felony. The only reference in the bill of exceptions to appellant's testimony is the one sentence: "The defendant then testified in his own behalf and the case was thereupon closed."

The assignments of error relating to the admission or rejection of evidence during the trial cannot be considered by us because they do not comply with the requirements of rule 11 of the rules of this court, which reads, in part, as follows:

"When the error alleged is to the admission or to the rejection of evidence, the assignment of errors shall quote the full substance of the evidence admitted or rejected. * * * When this is not done, counsel will not be heard, except at the request of the court; and errors not assigned according to

this rule will be disregarded, but the court, at its option, may notice a plain error not assigned."

Seaboard Air Line R. Co. v. Watson, 287 U. S. 87, 91, 53 S. Ct. 32, 77 L. Ed. 180, 86 A. L. R. 174; Meehan v. United States (C. C. A. 9) 70 F.(2d) 857, 859.

There is nothing in the record to indicate that the court abused its discretion in overruling the motion for a new trial, or erred in overruling appellant's motion in arrest of judgment.

An examination of the record before us discloses no such plain error as would justify us in considering or discussing the questions not properly presented on this appeal.

The judgment is affirmed.