### ATLANTIC COAST LINE R. CO. v. CLAUGHTON.
#### No. 7555.

Circuit Court of Appeals, Fifth Circuit. Feb. 15, 1935.

Rehearing Denied March 15, 1935.

T. Paine Kelly, of Tampa, Fla., for appellant.

D. C. McMullen, of Tampa, Fla., for appellee.

Before BRYAN, FOSTER, and HUTCHESON, Circuit Judges.

BRYAN, Circuit Judge.

This action, by a widow against a railroad company to recover damages for negligently killing her husband at a grade crossing, is here for the second time. On the former appeal, which was taken by the plaintiff, we held that the evidence was sufficient to sustain a verdict in her favor, and consequently that the trial court erred in directing a verdict for the defendant. Claughton v. Atlantic Coast Line R. Co. (C. C. A.) 47 F.(2d) 679. On the trial which the defendant now seeks to have reviewed its motion for a directed verdict was denied, and there was a verdict and judgment for the plaintiff.

The acts of negligence on which plaintiff relies were that the train was being run at a dangerously high rate of speed and failed to give warning by whistle or bell of its approach to the highway crossing. The evidence before us now is substantially the same as it was when the case was here before, and therefore need not be restated. As we are still of opinion that it was ample to sustain a verdict for plaintiff, we hold untenable defendant's repeated contention that it was entitled to the peremptory instruction. Defendant also contends that section 7051,

Compiled General Laws of Florida, which undertakes to create the presumption of negligence as against railroad companies upon proof of injury, and which the trial court applied in this case, is unconstitutional because it violates the due process and equal protection clauses of the Fourteenth Amendment. That section and the one following it, which provides for diminution of damages in cases of contributory negligence, are copied in the former opinion in this case; and also in Kirch v. Atlantic Coast Line R. Co. (C. C. A.) 38 F.(2d) 963, where we rejected the same contention. The Supreme Court held in Seaboard Air Line Railway Co. v. Watson, 287 U. S. 86, 53 S. Ct. 32, 77 L. Ed. 180, 86 A. L. R. 174, that section 7051 did not violate the equal protection clause of the Fourteenth Amendment; and in Mobile, J. & K. C. R. Co. v. Turnipseed, 219 U. S. 35, 31 S. Ct. 136, 55 L. Ed. 78, 32 L. R. A. (N. S.) 226, Ann. Cas. 1912A, 463, that the Mississippi statute, which provides that proof of injury inflicted by the running of locomotives or cars of a railroad company shall be prima facie evidence of negligence, violated neither the equal protection nor the due process clause of that amendment. Section 7051, as construed by the Florida Supreme Court, has the same meaning, in so far as is here material, as the Mississippi statute; and, although it was copied from a Georgia statute, the case of Western & Atlantic R. R. v. Henderson, 279 U. S. 639, 49 S. Ct. 445, 447, 73 L. Ed. 884, is not in point because the ruling there was that, as construed by the Georgia decisions, the statute "creates an inference that is given effect of evidence to be weighed against opposing testimony, and is to prevail unless such testimony is found by the jury to preponderate." The statute as construed by the Supreme Court of Florida is controlling in this case. Kirch v. Atlantic Coast Line R. Co., supra.

The judgment is affirmed.