**RODRIGUEZ v. UNITED STATES.**

No. 7825.

Circuit Court of Appeals, Fifth Circuit.

Dec. 18, 1935.

Edwin H. Grace, of New Orleans, La., for appellant.

Leon D. Hubert, Jr., Asst. U. S. Atty., of New Orleans, La., for appellee.

Before FOSTER, SIBLEY, and WALKER, Circuit Judges.

WALKER, Circuit Judge.

The appellant was convicted of a charged violation of the Liquor Taxing Act of 1934 § 201 (48 Stat. 316, 26 U.S. C.A. § 267 [26 U.S.C.A. § 1152a]) by unlawfully possessing described distilled spirits, alcohol, contained in described immediate containers which did not have affixed thereto stamps denoting the quantity of distilled spirits contained therein, and evidencing payment of all internal revenue taxes imposed on such distilled spirits. The sole question presented is whether the court erred in overruling a motion of appellant to suppress evidence obtained upon a search of a certain closed body truck, on the ground that the search was made without a warrant directing it, and without probable cause therefor.

A witness for the government, who stated that he was an investigator in the alcohol tax unit, testified as to the seizure and search before daylight on March 25, 1935, of a truck in which was found a container, which appellant admitted bore no internal revenue stamps, and contained alcohol. That witness further testified to the following effect: He had been informed in August or September, 1934,

that one of the bootlegging gangs in New Orleans had purchased two Chevrolet panel body closed trucks, which had dual wheels on them, but that witness did not see those trucks until December, 1934, when he located them stored in a garage in New Orleans. From that time until the seizure of those trucks witness watched them every night. One of the trucks bore the sign "Louisiana Bakery"; the other one bore the sign "Louisiana Baking Company." Witness was unable to find any place of business in New Orleans which had either of those names. About two weeks before the trucks were seized, both of them left the garage twice, and witness followed them as they went in a westerly direction, around Luling, La., but witness was unable to find them as they returned to New Orleans. After he had been informed on March 24, 1935, that some trucks were going to leave New Orleans that night to get some smuggled alcohol, witness saw a Chevrolet truck, with "Louisiana Bakery" sign on the side of it, leaving highway 90 at Raceland and going toward Golden Meadows, a little settlement about 70 or 80 miles from New Orleans, near the end of Bayou Lafourche. Then witness called New Orleans for other agents to meet him in that country, and they did so about midnight, or shortly thereafter. There is only one way to come and go from Raceland to Golden Meadows. While witness and the other agents were at Raceland, about 3:15 in the morning witness saw a truck come from towards Golden Meadows. That truck passed witness and the other agents. It had on it the sign "Louisiana Baking Company," and witness recognized it as one of the two trucks witness had been watching. A few minutes after that truck passed witness and the other agents, witness found that truck in a ditch, loaded with alcohol, tax unpaid; its driver having escaped. At that time witness knew that the other truck which earlier in the night he had seen going towards Golden Meadows had not come back. The witness and the other agents drove towards Golden Meadows and met that other truck coming from the direction of Golden Meadows. Witness then turned his car and began to follow that truck, and he noticed that it was heavily loaded and smelled of alcohol, which was leaking from it. Witness tried to get alongside that truck, and, every time he did so, the driver of the truck turned it so as to block the car of witness. When the truck was stopped after its four rear tires had been shot, the driver of the truck, the appellant, jumped from it and ran. Evidence sought to be suppressed was obtained in the search of the last-mentioned truck.

■ We are of opinion that probable cause for the search in question was shown by the testimony. Facts and circumstances shown to have been known to one of the officers who made the search at and prior to the time it was made were such as to warrant a man of prudence and caution in believing that the commission of a criminal offense was in progress. According to the testimony, before the search was made it was known to that officer that the two trucks were kept at the same garage in New Orleans, that it was customary for them to leave New Orleans together at nighttime, that one of them, soon after it had passed witness on a highway, was found at night in a ditch abandoned, and loaded with tax unpaid alcohol, and that shortly thereafter the other of the two trucks came at nighttime from the direction from which the abandoned truck came, and smelled of alcohol, and that the driver of that truck fled when it was stopped. The evidence supported the conclusion that the searching officer reasonably believed from circumstances known to him that the last searched truck contained that which by law is subject to seizure. This being so, it fairly was to be inferred that the search in question without a warrant was made upon probable cause. Carroll v. United States, 267 U. S. 132, 45 S. Ct. 280, 69 L.Ed. 543, 39 A.L.R. 790; Husty v. United States, 282 U.S. 694, 51 S.Ct. 240, 75 L.Ed. 629, 74 A.L.R. 1407. Thompson v. United States (C.C.A.) 44 F.(2d) 165.

■ In this court counsel for appellant challenged the search and seizure on the ground that the officials who made them were not shown to have been authorized by law to do so. No such ground was stated in appellant's motion to suppress the evidence obtained by the search and seizure, or suggested in any assignment of error. The motion to suppress evidence alleged that the search and seizure in question were made by certain officers of the United States, and contained no allegation as to any of those officers lacking authority to make searches and seizures. An appellate court is not bound to consider a question which was not raised in a court below. White River Co. v. Arkansas, 279 U.S.

692, 49 S.Ct. 457, 73 L.Ed. 903; Blair v. Oesterlein Co., 275 U.S. 220, 48 S.Ct. 87, 72 L.Ed. 249; Minnich v. Gardner, 292 U.S. 48, 53, 54 S.Ct. 567, 78 L.Ed. 1116. The appellant, having in the court below objected to the evidence sought to be suppressed on stated specific grounds, is not entitled in this court to object to it on another ground. Stebbins v. Duncan, 108 U.S. 32, 46, 2 S.Ct. 313, 27 L.Ed. 641. Nothing contained in appellant's assignment of errors indicates an intention to rely on the point that there was an absence of showing that the officials who made the search in question were lawfully authorized to make searches or seizures. This is an additional reason for this court declining to consider that point. Seaboard Air Line R. Co. v. Watson, 287 U.S. 86, 53 S.Ct. 32, 77 L.Ed. 180, 86 A.L.R. 174; rule XI of this court.

The judgment is affirmed.