MEYER et al. v. KANSAS CITY SOUTH-
ERN RY. CO. et al.

No. 416.

Circuit Court of Appeals, Second Circuit.
June 22, 1936.

412

Walter E. Meyer, of New York City, plaintiff-appellant appearing in person (Samuel C. Coleman and Leon Ulman, both of New York City, of counsel), for intervening plaintiffs-appellants.

Cravath, deGersdorff, Swaine & Wood, of New York City (Wm. D. Whitney, Littleton ·Groom, and Hugh A. Fulton, all of New York City, of counsel), for defendants constituting the firm of Kuhn, Loeb & Co., executors of estate of Mortimer L. Schiff, executors of estate of Otto H. Kahn, and Jerome J. Hanauer.

Ben C. Dey, George L. Buland, and Charles L. Minor, all of New York City, for appellees Southern Pac. Co., Hale Holden, and Henry W. deForest.

F. C. Nicodemus, Jr., of New York City, Carleton S. Hadley and A. H. Kiskaddon, both of St. Louis, Mo., and H. Brua Campbell, of New York City, for defendants St. Louis Southwestern Ry. Co., E. Roland Harriman, Alfred H. Swayne, William W. Cumberland, Winslow S. Pierce, Frank M. Gould, and Central Hanover Bank & Trust Co., as executors under the last will and testament of Edwin Gould, deceased.

Hines, Rearick, Dorr & Hammond, of New York City (A. C. Rearick, Archie O. Dawson, and Paul Smith, all of New York City, of counsel), for appellees Missouri-Kansas-Texas R. Co., Charles D. Hilles, Willis D. Wood, Richard H. Swartwout, John W. Platten, and James I. Bush.

Samuel Untermyer and Samuel W. Moore, both of New York City, for defendants Kansas City Southern Ry. Co., Leonor F. Loree, William C. Loree, Samuel McRoberts, Andrew J. Miller, Arthur Turnbull, Pierpont V. Davis, and William J. Hutchinson.

Marcus L. Bell, of New York City, for Charles Hayden, Jere A. Downs, Frederick H. Baird, Claude W. Peters, Richard F. Hoyt, Lester Watson, Charles H. Connfelt, Clarkson Potter, Prescott Bigelow, Frank E. Gernon, John R. Dillon, Robert G. Stone, Herbert G. Bell, and Richard L. Morris.

Van Vorst, Siegel & Smith, of New York City (Alexander B. Siegel, of New York City, of counsel), for defendants-appellees Ladenburg, Thalmann & Co. and executors of Mason B. Starring, deceased.

Cullen & Dykman, of Brooklyn, N. Y. (Jackson A. Dykman, of Brooklyn, N. Y., of counsel), for appellees Frank Bailey, William M. Greve, Charles B. Stuart, Halsey Stuart & Co., Inc., and Harold L. Stuart.

Clarence G. Bernheimer, of New York City, for appellee Leo S. Bing.

Bruce R. Duncan, of Brooklyn, N. Y., for appellee Arthur H. Waterman.

Before MANTON, L. HAND, and AUGUSTUS N. HAND, Circuit Judges.

MANTON, Circuit Judge (after stating the facts as above).

The bill of complaint was dismissed below on motions for want of subject-matter jurisdiction. Appellant, a stockholder of the St. Louis Southwestern Railway Company (St. Louis Southwestern hereafter), brought a derivative suit in equity for the benefit of the company to recover from appellees, railroads, bankers, directors, and investors in stock, for alleged damages to the St. Louis Southwestern. The bill of complaint alleges that certain banking houses and others conspired to use the funds of a railway

company already in their control, to control other railroads in deliberate disregard of section 5, paragraphs 2 and 8, of the Interstate Commerce Act (49 U.S.C.A. § 5 (2, 8), and that in executing this plan without previous authorization from the Interstate Commerce Commission, the conspirators violated the Sherman Anti-Trust Act (15 U.S.C.A. §§ 1–7, 15 note), the Clayton Act (38 Stat. 730), and the Interstate Commerce Act (49 U.S.C.A. § 1 et seq.). It is alleged that the St. Louis Southwestern, in which plaintiff held stock, came under the control of the conspirators and suffered severe losses.

The theory of the appellant's suit is that the appellee railroads became parties to the conspiracy to acquire control and by abuse of their controlling position diverted traffic from and took unlawful advantage of their competitor, the St. Louis Southwestern, which, in turn, was damaged through the diversion of traffic, the impairment of valuable traffic relations with other roads, uneconomical and inefficient operation of its lines, and the waste and misuse of its funds. The banking firms and individuals sued are said to have profited through their holdings and dealings in the stock of the railroads in the illegal combination.

The prayer for relief asks for an accounting to the St. Louis Southwestern and that the appellees be adjudged to be liable to it in damages in a large sum. It asks that other appellees account to it for their profits in dealings in the stock of the St. Louis Southwestern and also in the stock of the other railroads which were participants in the conspiracy. It asks for the appointment of a receiver for the special purpose of instituting suit against the defendants for treble damages under the anti-trust laws, and prays for injunctive relief against the continuation of the conspiracy and in other respects.

The bill states that: "The ground upon which the jurisdiction of this Court depends is that this suit includes matters in controversy arising under the laws of the United States. That this suit involves the construction and interpretation of title 15, sections 1–7 of the United States Code Annotated, commonly known as the Sherman Act, and title 15, §§ 12–27 of the United States Code Annotated, commonly known as the Clayton Act." This is said to appear because the control of the St. Louis Southwestern by the conspirators was not only a breach of the fiduciary duties defendants owed St. Louis Southwestern and its minority stockholders by reason of their control, but was also a violation of the federal anti-trust laws. Further, the means adopted and the end attained in carrying out the common plan are characterized as violations of the anti-trust laws. In addition, the prayer for a receiver for St. Louis Southwestern to sue on any causes of action it may have under the anti-trust laws and the allegations supporting this prayer are advanced to show that the court, in determining whether a receiver should be appointed, must consider whether there are substantial grounds for believing the company has such causes of action under federal law.

The appellant disclaims any purpose to recover for damages under the provisions of section 7 of the Sherman Act [July 2, 1890, c. 647, § 7, 26 Stat. 210, 15 U.S.C.A. § 15 note], or section 4 of the Clayton Act [October 15, 1914, c. 323, § 4, 38 Stat. 731, 15 U.S.C.A. § 15]. Such an action could not be maintained in equity. Fleitmann v. Welsbach Street Lighting Co., 240 U.S. 27, 36 S.Ct. 233, 60 L.Ed. 505; Decorative Stone Co. v. Building Trades Council, 23 F.(2d) 426 (C.C.A.2), certiorari denied 277 U.S. 594, 48 S.Ct. 530, 72 L.Ed. 1005. Nor would a stockholder's derivative action lie at law. United Copper Securities Co. v. Amalgamated Copper Co., 244 U.S. 261, 37 S.Ct. 509, 61 L.Ed. 1119. If the plaintiff were seeking injunctive relief under section 16 of the Clayton Act (15 U.S.C.A. § 26), he would face dismissal on the merits. General Inv. Co. v. New York Cent. R. Co., 23 F.(2d) 822 (C.C.A.4), certiorari denied 277 U.S. 588, 48 S.Ct. 436, 72 L.Ed. 1001; Continental Securities Co. v. Michigan Central R. Co., 16 F.(2d) 378 (C.C.A.6), certiorari denied 274 U.S. 741, 47 S.Ct. 587, 71 L.Ed. 1320. Cf. General Investment Co. v. New York Cent. R. Co., 271 U.S. 228, 46 S.Ct. 496, 70 L.Ed. 920.

The appellant relies on the doctrine announced in Smith v. Kansas City Title & Trust Co., 255 U.S. 180, 199, 41 S.Ct. 243, 245, 65 L.Ed. 577, that: "The general rule is that, where it appears from the bill or statement of the plaintiff that the right

to relief depends upon the construction or application of the Constitution or laws of the United States, and that such federal claim is not merely colorable, and rests upon a reasonable foundation, the District Court has jurisdiction under this provision." Jud.Code, § 24, 28 U.S.C.A. § 41. See, also, Cohens v. Virginia, 6 Wheat.(19 U.S.) 264, 378, 5 L.Ed. 257.

■■ The contention seems to be that this suit may be maintained under the principles of Southern Pacific Co. v. Bogert, 250 U.S. 483, 39 S.Ct. 533, 63 L.Ed. 1099, and that the federal court has jurisdiction because the damaging acts of the appellees were not only violations of their fiduciary duties, but were also violations of the anti-trust laws, and that in determining the appellees' liabilities, the court must construe or interpret the anti-trust statutes. But so far as the appellees are liable for a breach of the fiduciary duties to minority stockholders imposed upon them by reason of their control of the St. Louis Southwestern, it is immaterial that their breaches of faith to the appellant also involved violations of federal statutes. The appellees' liability would be complete though their acts were not public offenses and a determination of federal law· is thus not necessarily involved. As to the appellees sought to be held for their participation in the alleged conspiracy, the remedy provided by the statutes violated, is exclusive. Decorative Stone Co. v. Building Trades Council, 23 F.(2d) 426 (C.C.A.2), certiorari denied 277 U.S. 594, 48 S.Ct. 530, 72 L.Ed. 1005.

Three District Court cases are cited to support an opposite conclusion. Hand v. Kansas City Southern R. Co., 55 F.(2d) 712 (S.D.N.Y.); Guiterman v. Pennsylvania R. Co., 48 F.(2d) 851 (E.D.N.Y.); Venner v. Pennsylvania Steel Co., 250 F. 292 (N.J.).

In the Venner Case, the court discussed only the motion granted to quash a subpœna because of faulty venue. Nothing in the decision tends to show what the action of the court would have been had the jurisdiction of the subject-matter been attacked. In both the Hand Case and the Guiterman Case, suit was originally brought in a state court against a railway and its directors by a stockholder for an accounting by the directors of the company for breaches of their trust based on acts damaging the corporation and vio- lating the anti-trust laws. Removal to the federal court was had on the ground that the controversy involved substantial federal questions, namely, the anti-trust laws. In the Hand Case, an unreport- ed decision denying a motion to remand is cited. The memorandum opinion on this motion is not illuminating and in the reported opinions the point seems to have been assumed. Since there was no issue upon it, the cases can hardly be authoritative here. So far as they stand for the proposition that an allegation that a de- defendant violated a federal statute is sufficient to bring a case within federal jurisdiction, although the fact that a statute was violated is immaterial to the plaintiff's cause of action, we must decline to follow them. So far as the cases decided that a state court of equity had power to redress a waste of the assets of a corporation by its directors, we think the decisions were rightly reached. Neither case supports the appellant in his theory that one whose sole offense was a participation in a conspiracy in violation of the anti-trust laws could be held liable as a conspirator by a remedy other than that specifically given by those statutes.

The bill asks for injunctive relief, but the appellant advances no claim that it is sought as a remedy under the Clayton Act. If it were brought under that section, it would be dismissed on the merits as this matter is exclusively within the control of the Interstate Commerce Commission. Central Transfer Co. v. Terminal R. R. Ass'n, 288 U.S. 469, 53 S.Ct. 444, 77 L.Ed. 899; General Inv. Co. v. New York Cent. R. Co., supra. We think, however, the injunctive relief was sought here as an incident to the appellant's demand for damages and falls with that.

■ Nor does the bill merit any more success in its demand for a receiver to maintain statutory suits for damages. A trustee has been appointed for the St. Louis Southwestern under section 77 of the Bankruptcy Act, as amended (11 U.S.C.A. § 205), in the United States District Court for the Eastern District of Missouri, vesting title to all the property of the railroad company in such trustee under the direction of that court. By an order of that court, pursuant to section 77 (c) (9), as amended, 11 U.S.C.A. § 205 (c) (9), the trustee is authorized to investigate and directed to report to the court any facts

pertaining to irregularities, fraud, misconduct, or mismanagement, by which the debtor may have a cause of action, and thus the necessity, if any, for appointing a receiver in this suit, for the same purpose, has been eliminated. It is not necessary to pass on the propriety of the appointment of a receiver to bring suit in other circumstances.

■ The decree below was dismissed for want of subject-matter jurisdiction. Appellant seeks to have the decree modified by a provision that the dismissal be without prejudice with the proviso that leave be granted the District Court to entertain a motion by the appellant to cure defects in jurisdiction based on diversity of citizenship by discontinuing as to some of the defendants.

Dismissal for lack of jurisdiction is a dismissal without prejudice. Walden v. Bodley, 14 Pet.(39 U.S.) 156, 10 L.Ed. 398; Bunker Hill & Sullivan Mining & Concentrating Co. v. Shoshone Min. Co., 109 F. 504 (C.C.A.9). A statement of the basis for the dismissal satisfies the requirements of Scott v. First Nat. Bank of Morris, 285 F. 832 (C.C.A.8). See Fowler v. Osgood, 141 F. 20, 24, 4 L.R. A.(N.S.) 824 (C.C.A.8). The form of the decree below was proper, in this regard.

■ The opinion of the District Court contained the statement that the appellant claimed that all of the appellees were necessary parties, and that his joinder of defendants whose presence destroyed federal jurisdiction based on diversity of citizenship was a matter which could not be cured by the court by severance, or otherwise, unless the appellees, whose presence ousts the court of jurisdiction, were mere formal parties. No motion to discontinue as to any parties was made below, and the only assignment of error suggesting any support for appellant's present prayer is: "9: The Court erred in holding that it was without power to cure by severance or otherwise any alleged defect of jurisdiction based on diversity of citizenship." This gives no indication that the court below refused or precluded a request for discontinuance. It is so general in terms that it amounts to no more than an objection to a result, and as such the appellate court need give it no consideration. See Seaboard Air Line R. Co. v. Watson, 287 U.S. 86, 91, 53 S.Ct. 32, 77 L.Ed. 180, 86 A.L.R.

174; Trustees System Co. of Pennsylvania v. Payne, 65 F.(2d) 103, 108 (C.C.A.3); Virginian Ry. Co. v. Chambers, 46 F.(2d) 20 (C.C.A.4), affirmed 284 U.S. 577, 52 S.Ct. 27, 76 L.Ed. 501.

Judgment affirmed.