Lillie Mozell SHIREY, and Ernest D. Shirey, her husband, Plaintiffs,

v.

LOUISVILLE & NASHVILLE RAILROAD COMPANY, a corporation, Defendant.

Civ. A. No. 1221.

United States District Court
N. D. Florida,
Pensacola Division.

Jan. 21, 1963.

John M. Coe, of Coe & Coe, Pensacola, Fla., for plaintiffs.

Robert P. Gaines, of Beggs, Lane, Daniel, Middlebrooks & Gaines, Pensacola, Fla., for defendant.

CARSWELL, Chief Judge.

Separate motions for summary judgment are before the Court for determination.

The facts are not in dispute. About December 1, 1961 Mrs. Shirey, a 65 year old woman, suffered a fall which shattered her left knee cap and caused other injuries. The fall occurred at the intersection of Government and Tarragona Streets, Pensacola, Florida, at or near defendant's railroad tracks which run down the center of Tarragona Street.

From Mrs. Shirey's deposition it appears that she was walking down Government Street on her way to catch a bus. When she reached the intersection of Government and Tarragona Streets she noticed that an automobile was stalled in the traffic lane on Government Street near the intersection. She also noticed other vehicular traffic on or moving onto Tarragona Street. She stepped off the curb and began to cross the intersection. After she had taken several steps the stalled automobile started suddenly, began a right turn and moved into the intersection. Mrs. Shirey said that she "hurried" on across the intersection to avoid the auto. Another pedestrian, who was crossing at the same time, returned to the curb to avoid the auto. Mrs. Shirey states that she fell somewhere on the north side of Tarragona Street, striking her left knee against one of the defendant's railroad tracks, but could not state exactly where she fell. She was of the opinion that she tripped near the east set of the two sets of defendant's railroad tracks on Tarragona Street. Mrs. Shirey describes her fall as occurring when her "left foot, seemed to slip in a hole", or "something went wrong", or when her left foot "fouled", or when she "picked the (right) foot up to go over the track and I hit something" after her left foot slipped. She states that while she was "hurrying" to avoid the auto she was looking at the street, but she is unable to state exactly where she slipped, what caused her left foot to slip or exactly what her right foot tripped over. It appears from Mrs. Shirey's deposition that she was familiar with the crossing and with defendant's railroad tracks.

Plaintiffs have placed in evidence the pair of shoes that Mrs. Shirey was wearing at the time of her fall. The Court has examined them carefully and notes that the toes of both shoes are torn, the shoes have low, broad heels and are completely, indeed, remarkably sturdy and safe.

An affidavit filed in behalf of defendant made by G. M. Coker, an employee of the

defendant corporation, reflects that accurate measurements were made of the area of Tarragona Street where Mrs. Shirey fell, and that photographs were made of the same area. The Court notes from the photographs, and the affidavit reflects, that wooden timbers have been placed on each side of each rail. It appears from the affidavit that a space of at least two (2) inches between the timber and rail is required so that the flange of the wheel of trains can roll down the rail. The measurements contained in the affidavit are as follows:

"Top of the easternmost rail of the westernmost track was one and one-half inches *above* each of the timbers placed on each side.

"Distance from the west side of the timber on the east side of the rail and the east edge of the rail was two inches.

"Distance between the west side of the rail to east side of the timber on the west side of the rail was from two and one-quarter to two and one-half inches."

These measurements were made on May 13, 1962, and the affidavit states that to defendant's knowledge no changes were made to the rails or crossing in question from the time of Mrs. Shirey's fall to the time the measurements were made.

Plaintiffs contend that defendant is liable for Mrs. Shirey's injuries because it negligently failed to keep its tracks in good repair. Plaintiffs cite as evidence of defendant's negligence the fact that the rail of defendant's track extends one and one-half inches above the level of the street. Plaintiffs have offered no evidence to show that the rails

have ever been flush with the street level nor have plaintiffs demonstrated to the Court by any competent authority that the one and one-half inch difference in the level of the rail and the street constitutes negligence as a matter of law. In addition, Mrs. Shirey in her own deposition admits that she cannot definitely state what she slipped on or tripped over, or even whether a trip or a slip caused her fall and subsequent injury. This failure of proof alone has been grounds for granting an adverse judgment in this State.[1]

Overlooking plaintiffs' obvious failure of affirmative proof in this regard, it is clear that as a general rule railroad companies are required to exercise ordinary care to protect the public from injuries due to the operation of their trains or the maintenance of their crossings,[2] and what is ordinary care depends upon the circumstances of each case.[3] In order for one who is injured to recover, however, it must be shown that defendant failed to keep its premises safe, that the injury was reasonably foreseeable[4] and that defendant's breach was the proximate cause of the injury.[5]

Under Florida law and elsewhere it has long been recognized that the most stringent standards of care are required with respect to business invitees. This group of plaintiffs in slip and fall and similar cases of negligence have been accorded a higher degree of protection than many other categories. Here, there is no contention that Mrs. Shirey was a business invitee of defendant, but by these most stringent standards, even, it is plain under the facts of this case no duty has been breached by defendant which would

1. Food Fair Stores v. Spinelli, 122 So.2d 41 (Fla.App.2d 1960); Messner v. Webb's City, 62 So.2d 66 (Fla.1952).

2. Florida Statutes, § 357.01, F.S.A.

3. Florida C&P Railroad v. Foxworth, 41 Fla. 1, 25 So. 338; Seaboard Airline Railroad Co. v. Watson, 94 Fla. 571, 113 So. 716 (1927), app. dismd. 287 U.S. 86, 53 S.Ct. 32, 77 L.Ed. 180, 86 A.L.R. 174; Loftin v. Dagley, 152 Fla. 831, 13 So.2d 311 (Fla.1943); 44 Am.Jur., Railroads, § 493, page 731 and § 496, pages 735, 736, 737.

4. Stark v. Holtzclaw, et al., 90 Fla. 207, 105 So. 330, 41 A.L.R. 1323 (1925).

5. Fla. East Coast R. Co. v. Wade, et al., 53 Fla. 620, 43 So. 775 (1907).

entitle plaintiffs to recover under the law of Florida.[6]

Moreover, and as a second ground upon which this decision is based, the Court finds, as a matter of law, that Mrs. Shirey was guilty of contributory negligence and that her own negligence was the proximate cause of her injury.[7]

Since there is no genuine issue as to any material fact, and since the defendant is entitled to a judgment as a matter of law, plaintiffs' motion for summary judgment should be denied and defendant's motion for summary judgment should be granted.

Order to this effect is entered this date.

Walter E. Hoffman, J., dissented.

---

6. Chambers v. Southern Wholesale, Inc., 92 So.2d 188 (Fla.1957); Becksted v. Riverside Bank of Miami, 85 So.2d 130 (Fla.1956); Frederich's Market, Inc. v. Knox, 66 So.2d 251 (Fla.1953); Matson v. Tip Top Grocery Co., Inc., 151 Fla. 247, 9 So.2d 366 (1942).

7. Dewar v. City of Miami, 93 So.2d 58 (Fla.1957); Chambers v. Southern Wholesale, 92 So.2d 188 (Fla.1957); Earley v. Morrison Cafeteria Co. of Orlando, 61 So.2d 477 (Fla.1952).