## MILLER v. UNITED STATES.

(Circuit Court of Appeals, Ninth Circuit. March 23, 1925.)

No. 4427.

1. Criminal law ⊕695(2)—Mere general objections to testimony of no avail.

Objections to testimony, not pointing out specific grounds but being merely general, cannot avail defendant.

2. Criminal law ⊕1169(1)—Testimony not prejudicial in view of other evidence.

In view of evidence, in prosecution for violation of prohibition, that witnesses went to defendant's place, where they bought liquor, defendant could not be prejudiced by their testimony that two men they met invited them to "a place where liquor could be purchased."

3. Criminal law ⊕1174(6)—Permitting jury to take affidavit to same effect as testimony harmless.

Permitting jury to take with them the affidavit on which the information was based, if error, was harmless; affiant having testified to all the facts stated in the affidavit.

4. Criminal law ⊕1037(2), 1055—No error in not instructing specifically, in absence of request therefor and of exception to charge in general terms.

Failure to charge specifically to disregard certain statements of prosecuting attorney in argument, which were objected to as not sustained by the evidence, is not available as error, there having been neither exception to the charge in general terms, that statements of counsel outside of legitimate conclusions from the evidence should be disregarded, nor request for further charge.

In Error to the District Court of the United States for Division No. 1 of the Territory of Alaska; Reed, Judge.

Eddie Miller was convicted of violation of liquor laws, and brings error. Affirmed.

George B. Grigsby, of Ketchikan, Alaska, and Robert W. Jennings, of San Francisco, Cal., for plaintiff in error.

Arthur G. Shoup, U. S. Atty., and Howard D. Stabler, Asst. U. S. Atty., both of Juneau, Alaska.

Before GILBERT, HUNT, and RUD-
KIN, Circuit Judges.

HUNT, Circuit Judge. Plaintiff in error
asks review of his conviction of the sale of
intoxicating liquor and of maintaining a
nuisance, contrary to the provisions of the
Alaska Bone Dry Act. 39 Stat. 903, c. 53,
approved February 14, 1917 (Comp. St.
1918, Comp. St. Ann. Supp. 1919, §§ 3643b–
3643r).

[1, 2] Error is assigned to a ruling of the
court admitting certain testimony of a pro-
hibition agent, who, after testifying that he
and one Kinnard, another prohibition offi-
cer, while making an investigation, met and
talked with two young men, added: "Liquor
was mentioned, and they said they would—"
Counsel for defendant interrupted and ask-
ed the court to instruct the witness not to say
what anybody said. The court directed that
no conversation be given. Witness then con-
tinued: "Liquor was mentioned—" Coun-
sel again interrupted with a general objec-
tion and motion that what the witness said be
stricken out. The court overruled the ob-
jection, and exception was noted. The wit-
ness then said: "Those men invited us to
accompany them to a place where liquor
could be purchased." Again a general ob-
jection and motion to strike were overruled
and exception noted. In the absence of a
statement of specific grounds upon which
the objections were based, defendant is not
in a position to insist upon his contention.
However, inasmuch as the evidence is that the
prohibition agents went to Miller's place,
where they bought whisky, there was no
possible prejudice to the defendant by the
testimony that the two men they met invited
them to "a place." Erie R. Co. v. Schomer,
171 F. 798, 96 C. C. A. 458; Fuller v. Unit-
ed States, 53 App. D. C. 88, 288 F. 442.

[3] It is contended that the court erred in
permitting the jury to take with them to the
jury room the affidavit of one Kinnard upon
which the information on which defendant
was charged was based. Granting that the
court should not have allowed the affidavit
to go to the jury room, no harm was done
to the defendant, for the statements in the
affidavit were of facts all of which were tes-
tified to on the trial by the person who made
the affidavit. Langan v. People, 32 Colo.
414, 76 P. 1048; 17 C. J. 354.

[4] Error is assigned because the court
did not instruct the jury specifically to dis-
regard certain statements made by the prose-
cuting attorney in his argument to the jury,
to which counsel objected during the argu-
4 F.(2d)—25

ment. The court stated that the jury would
be instructed in regard to the statements of
counsel that were not sustained by the evi-
dence, and in its charge to the jury the court
did instruct that the evidence is what the con-
clusions of the jury must be based upon, and
that statements of counsel, outside of legiti-
mate conclusions derived from the evidence,
should not be considered. No exception was
preserved to that instruction; nor was any
specific request made for a further charge
that the particular remarks objected to
should be disregarded. Therefore there was
no error. Deupree v. United States (C. C.
A.) 2 F.(2d) 44; McDonough v. United
States (C. C. A.) 299 F. 30.

The judgment is affirmed.