**PANZICH et al. v. UNITED STATES.**
No. 6998.

Circuit Court of Appeals, Ninth Circuit.
June 5, 1933.

Russell Graham, of Los Angeles, Cal., for appellant.

Peirson M. Hall, U. S. Atty., and Dorothy Lenroot Bromberg, Asst. U. S. Atty., both of Los Angeles, Cal.

Before WILBUR, SAWTELLE, and MACK, Circuit Judges.

WILBUR, Circuit Judge.

The appellants, Tony Panzich and John Arko, also known as John Arkovitch, and Joe N. Wilson, were convicted of conspiracy to violate the National Prohibition Act. Nick Jurash and Tony Govarko, also joint defendants, were acquitted.

The appellants claim that the evidence was insufficient to justify the verdict. The evidence tends to show that Tony Panzich owned and operated a restaurant known as the Goodfellows Inn, at Santa Monica, Cal.; that appellant John Arko acted as head waiter therein, taking orders for whisky and wine which were filled by him or by other waiters, and charged for on the bill for food which was collected by the waiter; that the bill was then deposited in the cash register; that these charges for liquor were itemized upon the bills as "B. R. K.," and that a number of such bills were found when the place was raided. John Wilson, the only waiter convicted, testified that "B. R. K." indicated "Roast Kosher Chicken"; "K" for Kosher, "R" for roast, and that "B" meant that the chicken was taken away and eaten off the premises. The prohibition officers whose orders for wine and whisky were filled and charged as "B. R. K." testified that they had ordered no roast Kosher chicken. John Arko denied selling the whisky and wine bought from him by the prohibition officers, and testified that his only connection with the place was that of head waiter. At the time of the raid, the safe was opened by appellant Tony Panzich and a bottle of wine was found therein. A bottle of whisky was also found on the premises. The evidence was sufficient to justify the jury in concluding that the defendants were engaged in the business of selling liquor, and had agreed or conspired to do so.

At the opening of the trial the clerk read the title of the indictment, whereupon defendants' counsel announced that the defendants (5) were all present and ready for trial. The clerk, as usual, requested the defendants to step forward. Defendants' counsel objected to this "because there may be a question of identity." "If it becomes necessary for any Government witness to point out which defendant is which defendant, I don't think they should have that done for them by the clerk before they have to do it." The court directed Tony Panzich to stand when the clerk called his name, and the four other defendants also arose either separately or together as their names were called. All this, it is claimed, was in the presence of the government's witnesses, and the ruling of the court permitting it is assigned as error. It was the duty of the court to ascertain that the defendants about to be tried were present in the courtroom. This was and should be done without regard to the assurance of counsel to that effect. There is nothing in this assignment.

Appellants' next assignment does not conform to our rule 11, which requires that errors assigned be separately stated, nor to the requirement that the full substance of the evidence admitted or rejected be stated in the assignment. The assignment is as follows: "That the court erred in permitting counsel for plaintiff to cross-examine the defendant, John Arko, with reference to his employment by the defendant, Tony Panzich, at a cafe on East First Street, in Los Angeles, California,

and with reference to the padlocking of such cafe by the United States Government."

■ Appellant John Arko testified on direct examination that his name was John Arkovitch; that he is sometimes called Kelley; that it is his nickname; that he was employed as head waiter at the Goodfellows Inn by appellant Tony Panzich when the place was opened about August 17, 1930; that this was all he did; that he never served or sold whisky to the government witnesses. On cross-examination he admitted that a deed to himself, Tony Panzich, and John Panzich, to a lot in Los Angeles county, executed about six years earlier, had been deposited as security for the lease to Tony Panzich of the Goodfellows Inn. The witness, on cross-examination without objection, stated that he never had been in partnership with "Tony"; that he was working with him, but not as a partner, in his restaurant on First street. He also stated on cross-examination, without objection, that he did not know whether the First street place was closed or not. Whereupon he was asked, "Well, you remember when it was padlocked?" Thereupon the following colloquy occurred:

"Mr. Graham: Now, just a minute. I object to that, and assign the question as misconduct and error.

"The Court: You can object all you want—

"Mr. Graham: I will.

"The Court: Now, Mr. Graham, don't go very much further.

"Mr. Graham: I beg your pardon.

"The Court: This is a legitimate inquiry made at the request of the Court, as you well know, and under circumstances justifying a thorough ventilation of the actions of this witness with a scheme which are, to say the least, a little bit suspicious at the present time, and it will go to the utmost.

"Mr. Graham: I have no objection to the inquiry being pursued, but I made my assignment.

"The Court: You have made your objection to it?

"Mr. Graham: Yes.

"The Court: The court is ready to rule.

"Mr. Graham: I also wish to ask the Court to instruct the jury to disregard the question.

"The Court: Well, your request is denied. Overruled. Go on.

"Mr. Graham: Exception."

It will be observed that no objection was made that the question was not proper cross-examination. On the contrary, the appellants expressly stated that they had no objection to the inquiry being pursued. In fact, no ground whatever for the objection was stated, in the absence of which the ruling admitting the testimony cannot be reviewed here. The objection of the appellants which was first stated was apparently directed to the use of the word "padlocked" and not to the extent of the cross-examination, which had already extended to the First street operations. It is probably because of the use of the word "padlocked" that the court was asked to instruct the jury to disregard the question. Here again there was a failure to state the ground of the motion to instruct the jury to disregard the question. This was essential in order to predicate error upon the ruling of the court. The same is true as to the assignment of the "question as misconduct and error."

The failure to properly assign the rulings complained of as error as required by our rule, the failure to state the grounds of the objection to the question asked, the failure to state the grounds of the motion to instruct the jury to disregard the question, and the failure to state the grounds of the claim of "misconduct," require us to disregard the assignment. Errors must be separately assigned, Seaboard Air Lines Ry. Co. v. Watson, 287 U. S. 86, 53 S. Ct. 32, 77 L. Ed. 180; Rissman v. United States (C. C. A.) 62 F.(2d) 164; full substance of the evidence admitted or rejected, and the objection thereto, must be stated in the assignment, Daniels et al. v. United States (C. C. A.) 17 F.(2d) 339; United States v. Smith (C. C. A.) 55 F.(2d) 141, 81 A. L. R. 926; Dayton Rubber Mfg. Co. v. Sabra et ux. (C. C. A.) 63 F.(2d) 865; grounds for objection to evidence must be stated, Miller v. United States (C. C. A.) 4 F.(2d) 384; Hart v. United States (C. C. A.) 11 F.(2d) 499; grounds for motion to instruct jury to disregard remarks made or questions asked must be stated, Rissman v. United States, supra.

Judgment affirmed.