George W. WALSH, Defendant,
Appellant,

v.

UNITED STATES of America,
Appellee.

No. 6780.

United States Court of Appeals
First Circuit.

Jan. 25, 1967.

S. Roy Remar, Boston, Mass., by appointment of the Court, for appellant.

John Wall, Asst. U. S. Atty., with whom Paul F. Markham, U. S. Atty., was on brief, for appellee.

Before ALDRICH, Chief Judge, McENTEE and COFFIN, Circuit Judges.

PER CURIAM.

■■ Defendant, under sentence for bank robbery, charges errors committed by the district court before and during trial. The alleged pre-trial errors were denials for defendant's motions to inspect grand jury records, for a bill of particulars, and for copies of statements made by defendant to the police. Rulings on these motions were made prior to the July 1, 1966 amendments to rules 7 and 16 of the Federal Rules of Criminal Procedure, which were intended to liberalize discovery procedures in criminal cases. Even as amended these rules give no automatic right to a defendant. However appealing we might find the arguments for the defendant's right to discovery in the abstract, it is plain that the district court was within its discretion in denying the motions here, especially under the rules in effect at the time of trial.

■■ As to the request for grand jury records, defendant merely asked an opportunity to examine the records without specifying any reason or "particularized need". Pittsburgh Plate Glass Co. v. United States, 1959, 360 U.S. 395, 79 S.Ct. 1237, 3 L.Ed.2d 1323. Although Dennis v. United States, 1966, 384 U.S. 855, 86 S.Ct. 1840, 16 L.Ed.2d 973, granted relief in that case, it did so on the ground that such a showing was made. The motion for a bill of particulars sought evidence concerning the robbery, descriptions of participants and weapon, and statements. But the two-count indictment adequately described the crimes alleged, sufficiently to avoid any claim of surprise or double jeopardy. As to the motion for production of statements of defendant, it appears that there were no formal statements, only two conversations between defendant and an F.B.I. agent, which the agent had summarized in a report. This report was given defendant's counsel at trial.

■ The assignment of errors allegedly committed during trial included refusal to order an informer's identity revealed, comments made by the trial judge in connection with rulings, and intervening to assist a witness to identify defendant. As to the first, several photographs of defendant, used for identification purposes, had been obtained by the F.B.I. from a "reliable informer". In 1963 defendant had placed them in an album in the home of his wife, where they apparently remained until he and his wife separated in 1965. Lacking any indication that defendant had any standing to object to any illegal search and seizure and that obtaining the photographs was tainted with any illegality, the court acted properly in refusing to compel identification of the informer. Cf. Roviaro v. United States, 1957, 353 U.S. 53, 60–61, 64, 77 S.Ct. 623, 1 L.Ed.2d 639.

■ The final error charged [1] was that the district judge aided in the identification of defendant by directing the attention of a witness to defendant. The witness, nervous and wearing bifocal glasses, spent several long minutes looking first at the jurors and then at the judge [2] in his effort to identify the man who held him at gunpoint from a distance of two to two and one half feet. Finally the judge said, "Do you recognize the man at the bar sitting down there? Yes or no, now." The witness answered "Yes", then walked to a position close to defendant and said, "Yes, that's him." The witness testified to his having earlier identified photographs of defendant and to his having identified defendant among eight or ten men, without prompting and in the absence of any officer, in a courtroom on another occasion. The

1. We pass the allegation that the judge made deprecating comments concerning defense counsel's examination of a witness. The record reveals that the remark complained of was one of several directed to the prosecutor, intended to discourage time-wasting objections on unimportant points.

2. The record does not reveal the lapse of time, or where the witness looked, but this was agreed to by both counsel in their oral argument.

hesitancy of the witness's identification of defendant at trial was obviously apparent to the jury and was used by defense counsel in argument. Two other witnesses, each of whom was sequestered from the courtroom until she testified, made positive and unhesitating identification. This intervention by the trial judge was no more prejudicial, if as much so, than that in Panzich v. United States, 9 Cir., 1933, 65 F.2d 550, where, in the presence of prosecution witnesses, the court required defendants to step forward. We cannot say that the judge abused the wide latitude of discretion he must have in supervising the conduct of the trial. A reading of the entire record clearly reveals his continual efforts to be fair.

Affirmed.