**UNITED STATES of America, Plaintiff,**

v.

**Enrique Llaca ORBIZ, Defendant.**

**No. Cr. 142–70.**

United States District Court, D. Puerto Rico.

May 10, 1973.

Juan M. Perez, Jimenez, Asst. U. S. Atty., San Juan, P. R., for plaintiff.

Enrique Llaca Orbiz, pro se.

## ORDER

CANCIO, District Judge.

On September 21, 1972 the Clerk of this court received a copy of a petition for writ of mandamus filed by the defendant in the above-captioned case in the United States Court of Appeals for the First Circuit. In a memorandum and order entered on September 28, 1972, the Circuit Court of Appeals de-

nied defendant's petition and suggested that he file a motion to dismiss the indictment, pursuant to Rule 12 of the Federal Rules of Criminal Procedure, with the district court. Later on, upon permission from this Court, defendant's petition for writ of mandamus was filed with the district court as a motion to dismiss the indictment under Rule 12 of the Federal Rules of Criminal Procedure. After an extension of time was granted to file its answer to defendant's motion, the Government filed a motion and accompanying memorandum of law in opposition to dismissal of the indictment.

Originally, the defendant predicated his motion to dismiss on five (5) issues and he claimed that each of them individually afforded independent basis for dismissal of the indictment. On his reply memorandum, dated December 14, 1972, the defendant withdrew his fifth issue in support of his motion to dismiss. Afterwards, by a motion entitled Motion to Withdraw an Issue Raised, filed on January 26, 1973, the defendant requested and was granted permission by the Court to withdraw the second issue in support of his motion to dismiss the indictment. As it stood then, defendant's motion to dismiss the indictment was predicated on three issues and, as such, the motion to dismiss was submitted to the Court after the parties argued their respective positions.

The motion to dismiss the indictment as finally submitted by the defendant is predicated upon the following alleged grounds:

1. That his constitutional right to a public trial in this criminal case was not afforded because a grand jury failed to return an indictment.

2. That his constitutional right to be informed of the nature of the charges against him was not afforded because the indictment fails to state the essential elements of the offense charged.

3. That his constitutional right to a speedy trial was not afforded because there was unnecessary delay in bringing him to trial and this caused prejudice to him.

In order to consider this threefold constitutional and legal attack, we must of necessity refer to some procedural facts of the case.

Defendant's first contention is easily disposed of. The return of the indictment was filed in open court before the subscribing Judge on September 24, 1970. A mere reading of the proceedings had that day will so demonstrate.

Defendant's second ground, which is equivalent to the third issue raised in his memorandum, to the effect that the indictment fails to state the essential elements of the offense, is also without merit. The defendant himself cites the case of United States v. Northway, 120 U.S. 327, 7 S.Ct. 580, 30 L.Ed. 664, wherein the Supreme Court stated: "In respect to those funds, the charge against him is that he embezzled them by converting them to his own use. this we think fully and exactly describes the offense of embezzlement under the act by an officer or agent of the association." A study by the Court of the indictment pending against this defendant charges precisely the act of embezzlement as described in the case of United States v. Northway, *supra*.

 Rule 7(c) of the Federal Rules of Criminal Procedure embodies the modern philosophy that prevails today behind the construction and interpretation of indictments. The new rule did away with the precision and detail formerly demanded and today the rule is that common sense and reason prevail over mere technicalities. See Parsons v. United States, 5 Cir., 189 F.2d 252; Belvin v. United States, 5 Cir., 273 F.2d 583. The rule now permits a plain, concise, and definite statement of the essential facts constituting the offense. See United States v. Chunn, 4 Cir., 347 F.2d 717; United States v. Mimee, D.C., 89 F.Supp. 748; United States v. Agnew, D.C., 6 F.R.D. 566. Under Title 18, U.S.C., Sec. 656, the term to embezzle simply means: "to willfully take or convert

to one's use the property of another which came into the wrongdoer's possession lawfully by virtue of his office or employment or position of trust with the bank. So, for the purposes of Title 18, U.S.C., Sec. 656, for a bank employee to embezzle payments or monies or credits of the bank, it must appear from the averments of the indictment that the funds or monies came into his possession by virtue of his office or employment or position of trust with the bank, and while so possessed by him, they were wilfully applied or converted to his own use. See: Woxberg v. United States,, 9 Cir., 329 F.2d 284; Taylor v. United States, 9 Cir., 320 F.2d 843; cert. den. 376 U.S. 916, 84 S.Ct. 671, 11 L.Ed.2d 612.

Petitioner also alleges that the indictment as it stands does not offer him protection against further prosecution for the same cause. The rule in this respect has been stated by Professor Wright in Federal Practice and Procedure, Section 125, page 233, thusly: "It has long been the rule that the entire record of the proceedings and *not the indictment or information alone* may be referred to if there is a claim that a subsequent prosecution constitutes double jeopardy." (Emphasis added.) See: Russell v. United States, 369 U.S. 749, 82 S.Ct. 1038, 8 L.Ed.2d 240; Clay v. United States, 10 Cir., 326 F.2d 196.

Defendant's final contention is that there has occurred unnecessary delay in bringing him to trial and that, as a result, he has been prejudiced. The Court, itself not wholly free of sin, finds that the facts established below do not support defendant's contention. The chronology of this case clearly demonstrates that from the time a true bill leading to the indictment was returned by the Grand Jury, this case, though not progressing precisely with great celerity, has not been idle. After a true bill was returned on September 24, 1970, the arraignment was set for October 9, 1970. On October 29, 1970 the trial was set on the calendar for December 7, 1970, that

is, less than three months from the date that a true bill had been returned and the indictment had been filed. On November 10, 1970, the Court, on its own motion, reset the trial for February 9, 1971, which is less than five months after indictment. On February 5, 1971, a motion was filed *by the defendant* requesting continuance on the basis that the chief witness for the defense was out of the country and unable to appear. This motion was granted by the Court and the case was reset for April 12, 1971. On April 6, 1971 the Government requested and was granted a continuance which was *consented to by the defendant* and the case was reset for May 10, 1971. Again on May 10, 1971, a stipulation was filed with the Court by the Government and *defendant's counsel* requesting the continuance of the case. The Court approved the stipulation and the trial was reset for August 9, 1971.

On July 28, 1971 the *defendant* requested continuance, which was granted by the Court, and the case was reset for trial for September 20, 1971, and a pretrial conference was set for September 17, 1971. During the course of the pretrial conference the *attorneys for the defense* raised legal issues of such a nature that the trial of the case, set for September 20, 1971, had to be continued by the Court, with *no objection by the defendant*. The case was reset for trial on November 29, 1971. This time the case had to be continued by the Court on its own motion, not because either the Government or the defendant were unprepared for trial, but due to pressing needs of taking care of several injunctions which had to be tried and decided. The trial of the case was continued to February 7, 1972, no objection having been raised by any party. On February 14, 1972, the trial of this case was continued to April 18, 1972. On April 14, 1972, at the request of *defendant*, the trial was continued and set for June 19, 1972. Realizing that the case had been set for trial at a time in which this Judge was on vacation, the trial had to reassigned to August 23, 1972.

Shortly before this time, on July 27, 1972, attorneys Gerardo Ortiz del Rivero and Juan Faría, counsel for defendant, filed a motion requesting permission to withdraw as such. On August 23, 1972, after argument of counsel and statements of the defendant himself were heard,[1] the case was continued for a future date and defendant was granted twenty days in which to procure new counsel. It was after that, on September 21, 1972, that the defendant filed his petition for writ of mandamus with the Court of Appeals. On December 1, 1972 defendant's motion to dismiss and the Government's opposition were finally submitted to this Court for consideration.

The record is barren as to any assertion by the defendant of his right to speedy trial, either when the Government requested continuance, when the Court ordered them, or when the defendant himself moved for postponements. The United States Court of Appeals for the First Circuit has rejected any approach which will hold or presume a violation of the right to a speedy trial due solely to the passage of time. See: United States v. DeLeo, 1 Cir., 422 F.2d 487, cert. den. 397 U.S. 1037, 90 S.Ct. 1355, 25 L.Ed.2d 648; United States v. Daley, 1 Cir., 454 F.2d 505.

■ In the case at bar, at no time has the defendant moved for a trial setting or requested any remedy to assist him, consistent with his present claim. Instead, he has not only permitted time to elapse without ever having complained, but repeatedly asked, through counsel, for continuances of the trial.

■ It has been held that what constitutes a speedy trial is relative, depending on the circumstances of each case. Harrison v. United States, 128 U.S.App.D.C. 245, 387 F.2d 203; United States v. Ewell, 383 U.S. 116, 86 S.Ct. 773, 15 L.Ed.2d 627 (1966); United States v. Mann, D.C., 291 F.Supp. 268; Needel v. Scafati, D.C., 289 F.Supp. 1006.

■ Three factors are relevant and traditionally considered by the Court in determining whether the speedy trial guarantee has been violated: the length of the delay, the effect thereof on the defendant before and at trial, and the nature of the Government's conduct in prosecuting the same. United States v. DeLeo, *supra*. In Baker v. Wingo, 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972), the Supreme Court considered these three factors, plus a fourth one, to wit: the accused's assertion of his right, and pointed out that no single factor was to be regarded alone, but that the courts must engage in difficult and sensitive balancing process. United States v. Cabral, 475 F.2d 715 (1 Cir. 1973).

In this case the defendant has been free on bail since the time of his arrest and at all times assisted by very able counsel.[2] However, at no time has he moved for trial setting or requested any other remedy consistent with his present claim. Instead, he has permitted the time to elapse without ever having complained. Furthermore, the record is barren of evidence or circumstances tending to indicate that the nature of the Government's conduct has been improperly motivated. Also, defendant has not raised any allegations that the delay in question caused him to lose contact with any potential defense witnesses or otherwise hindered him in the preparation of his defense.

This Court, in analyzing the record of this case, has balanced all the factors

---

1. In the hearing called by the Court to determine whether to grant the motion of the attorneys requesting permission to withdraw, the Court refused to hear the defendant on details tending to put the blame on his attorneys for the deterioration of their relations. The Court was convinced that the defendant did no longer trust his attorneys and that the relations were such that they could not offer him an adequate defense.

2. To this we may add that he himself is an able professional, an attorney at law even though not admitted to any bar under the flag of the United States.

outlined above and has arrived at the conclusion that the quantum of prejudice to the defendant because of the delay in bringing him to trial is zero. United States v. Cabral, *supra*.

Turning to another matter, the defendant also filed a motion with the Court requesting that his case be transferred to the Southern District of Florida. The only allegation propounded by the defendant in support of his motion was the fact that he is now living in Coral Gables, Florida, and that he has retained counsel there. The defendant did not present any allegation in conformity with Rule 21(a) of the Federal Rules of Criminal Procedure in support of his motion.[3] The United States Government opposed the motion on the following grounds:

1. All the witnesses for the Government, except the victim of the acts alleged against the defendant, reside within this district and it is not an inconvenience to the Government to summon that one witness to this district.

2. All the bank records that have to be presented by the Government are under the custody and control of the officers of the Banco Popular de Puerto Rico, Hato Rey, Puerto Rico. Also, the records of Eastman Dillon, which the Government intends to introduce into evidence, are under the custody of Eastman Dillon Branch at Hato Rey, Puerto Rico.

3. The offense took place within the District of Puerto Rico and the acts constituting the offense were carried out in various towns of the island of Puerto Rico.

4. The Government argued that the motion for change of venue presented by the defendant at this time was tardy under Rule 22 of the Federal Rules of Criminal Procedure.

 Having given due consideration to defendant's motion for change of venue under Rule 21(b) and the opposition presented through argument by the Government, the Court denies defendant's motion. Both parties are in agreement that the question whether the case is transferred to another district lies in the sound discretion of the Court. United States v. Phillips, 8 Cir., 433 F.2d 1364, cert. den. 401 U.S. 917, 91 S.Ct. 900, 27 L.Ed.2d 819; Jones v. Gasch, 131 U.S.App.D.C. 254, 404 F.2d 1231, cert. den. 390 U.S. 1029, 88 S.Ct. 1414, 20 L.Ed.2d 286.

The Court, in denying defendant's motion, has not singled out one specific reason, but has considered all relevant factors in reaching its decision. The Court does not base its denial on the question of tardiness of the motion under Rule 22 because the Court feels that, if the ends of justice would be better met by transferring the case as requested by the defendant, the Court would have done so. But in this instance, this factor is considered together with all the other factors in arriving at the conclusion which it arrives at today.

For the aforementioned reasons, defendant's motion to dismiss the indictment is hereby denied and defendant's motion requesting change of venue to the Southern District of Florida is also hereby denied.

It is so ordered.

---

3. When the Court called defendant's motion to change venue for argument, the defendant did not present any oral argument, but submitted the same allegations contained in said motion. In the motion there are no allegations of prejudice that would impair the defendant from obtaining a fair and impartial trial in this district.