**UNITED STATES of America,**
**Appellee,**

**v.**

**Enrique LLACA ORBIZ,**
**Defendant-Appellant.**

**No. 74–1032.**

United States Court of Appeals,
First Circuit.

Argued Feb. 7, 1975.

Decided April 17, 1975.

See also, D.C., 366 F.Supp. 628.

COFFIN, Chief Judge.

The appellant was brought to trial on a charge of embezzlement under 18 U.S.C. § 656 four years after his original arrest. After trial commenced, appellant charged that two of the jurors were having difficulty comprehending English. A motion for mistrial was granted on this ground and because the judge held some shares in the bank which had employed appellant and from which he was alleged to have embezzled. A new trial was conducted by a different judge and appellant was convicted.

[1, 2] On appeal a catalogue of errors is claimed.[1] Appellant argues persistently that the evidence did not negate the possibility that there was a legitimate interpretation of his actions; that the trust, which the major prosecution witness said he came to the bank to establish, was privately set up through appellant as an individual and not acting as a bank employee. But such evidence as he points to was at best equivocal.[2] More important, there was sufficient evidence and legitimate inferences to be drawn therefrom to support the jury's verdict. The allegedly erroneous evidentiary rulings did not constitute misapplication of the law or abuse of discretion.[3] We therefore pass on to the more substantial legal questions presented.

Enrique Llaca Orbiz, pro se.

Juan M. Perez-Gimenez, Asst. U. S. Atty., with whom Julio Morales Sanchez, U. S. Atty., San Juan, P. R., was on brief, for appellee.

Before COFFIN, Chief Judge, McENTEE and CAMPBELL, Circuit Judges.

1. Some errors raised are not properly preserved, such as appellant's claim that the district court improperly denied him compulsory process to gain access to bank records. This district court ruling granting subpoena took place in the first trial and appellant did not pursue the matter in the second trial, or apprise that court of his difficulties in obtaining compliance.

2. For the same reason, the district court did not err in refusing to give the following proposed jury instruction: "funds do not become bank funds because one who is an officer of a bank receives them, irrespective of the capacity in which he does so, and when a bank officer holds funds in a fiduciary capacity for others, they do not become funds of the bank." A somewhat similar direction was required in a case cited by the appellant, Golden v. United States, 318 F.2d 357 (1st Cir. 1963), based on the specific facts introduced in evidence. The failure to grant the instruction in Golden reflected the district court's erroneous legal conclusion that the bank did have title to the funds. The court below here did instruct the jury that it had to find that the funds were bank funds and the defendant intentionally embezzled them. See Golden, supra, at 362. This was sufficient.

3. Some of the errors charged are alleged to have been partially the result of the prosecution having "trespassed minimum standards of fair play". The record requires that we reject the contention that the prosecution made any material misrepresentations to the defendant or conducted this case in such a way as to deny defendant a fair trial. The major charge levelled against the prosecution, that it purposely withheld the name of an FBI agent who had interviewed the prosecution's prime witness was not properly preserved. Once the information was provided the defense did not inform the court or prosecution of further difficulties in obtaining the appearance of the witness. And furthermore, a reading of the record reveals that the absence of the witness was non-prejudicial.

The appellant begins with the claim that the delay from the date of arrest in 1969 to trial in 1973 deprived him of his constitutional right to speedy trial. The picture of trial delay does not reflect happily upon either the government or the district court. We reiterate the admonition that the right to speedy trial is not dependent on repeated defense assertions. Barker v. Wingo, 407 U.S. 514, 529, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972); United States v. Fay, 505 F.2d 1037 (1st Cir. 1974). However, the facts of this case do not demonstrate that delay was solely the product of either court docketing problems or government requests. The appellant requested delay or filed motions necessitating continuances on over a dozen occasions, see Fay, supra, at 1039, and a good deal of the need for delay was produced by his inability to deal with local counsel. Although he did not claim to be indigent, the court finally appointed counsel, permitted appellant to go forward on his own behalf with appointed counsel's advice and allowed a final delay for necessary preparation.

In addition, appellant fails to persuade us that he was prejudiced by the delay. He blames the loss of local counsel [4] on delay and claims exposure of jurors to unfavorable pre-trial publicity. But counsel indicated to the court that his withdrawal was caused by personal and professional difficulties with his client. Voir dire produced a negative response when jurors were asked as a group if they had heard about or read of appellant's case. There was no showing that pre-trial publicity infected the verdict. In light of all these circumstances, there was no denial of speedy trial. Barker v. Wingo, supra.

Appellant's next challenge is to the indictment, on the grounds that it failed to adequately state the means by which the embezzlement was achieved or to state the essential elements of the offense. The district court ruled, 358 F.Supp. 200, 202–203, that the complaint adequately set forward a plain, concise, and definite statement of the offense as required by Rule 7(c) Fed.R.Crim.Proc. We find no error. The indictment read as follows:

"On or about September 5, 1967, in the District of Puerto Rico and within the jurisdiction of this Court, Enrique Llaca Orbiz, the defendant herein, being an officer, that is, a trust officer of Banco Popular de Puerto Rico, at the Popular Center, which is a bank insured by the Federal Deposit Insurance Corporation, wilfully and knowingly, and with intent to injure and defraud the Banco Popular de Puerto Rico, did embezzle the sum of $25,000.00 of the funds and credits of said Banco Popular which had come into his possession and under his care by virtue of his position as such officer. (Title 18, United States Code, Section 656)."

The indictment sets out the date, the amount involved and the name of the bank as well as the accused's position of trust. It is sufficient to apprise the defendant of the charge. United States v. Bearden, 423 F.2d 805 (5th Cir. 1970), cert. denied, 400 U.S. 836, 91 S.Ct. 73, 27 L.Ed.2d 68 (1971); United States v. Fortunato, 402 F.2d 79 (2d Cir.), cert. denied, 394 U.S. 933, 89 S.Ct. 1205, 22 L.Ed.2d 463 (1968).

The appellant's third challenge is to the district court's failure to make available grand jury minutes under the Jencks Act, 18 U.S.C. § 3500 and Rule 6(c) Fed.R.Crim.Proc. Assuming that this issue, raised only days prior to the much delayed first trial, was properly preserved, we find appellant's argument unpersuasive. His right, under Rule 6(c) to disclosure of minutes depended on showing that some possible grounds for

---

4. Appellant also claims that he was denied access to his Florida counsel because of the court's refusal to grant a change of venue. We find no prejudice and no abuse of discretion in the court's refusal to grant the venue change. The motion was denied without prejudice to a showing that a fair and impartial trial could not be held, which showing was not made.

dismissal would be produced. 8 Moore's Federal Practice ¶ 6.05. The district court found the motion to be untimely and without sufficient promise of affording grounds for dismissal of the indictment. We agree.[5] The appellant alleged that the indictment was based on hearsay, a claim foreclosed by Costello v. United States, 350 U.S. 359, 76 S.Ct. 406, 100 L.Ed. 397 (1956), unless abusive prosecutorial tactics are alleged. United States v. Leibowitz, 420 F.2d 39, 41–42 (2d Cir. 1969). Another allegation was that there was a breach of grand jury secrecy, but here again no showing was proffered and the presumption of regularity obtained. Finally, the motion, insofar as it sought fodder for witness impeachment was not renewed at the second trial and contained no showing of "particularized need". United States v. Anderson, 481 F.2d 685, 692 (4th Cir. 1973), and appellant attempts no showing of need or prejudice here. The district court did not abuse its discretion in denying the motion to provide access to grand jury minutes.

The appellant's catalogue comes to an end with the claim that the first district judge abused his discretion in declaring a mistrial, and that the appellant was therefore twice put in jeopardy. This claim too must fail. The appellant moved for a mistrial. The motion was based on the alleged failure of two of the jurors to fully comprehend English. It was granted on this basis and also because of the judge's shareholding in the employer-bank.

 The dismissal of the jury is within the sound discretion of the court if there is "manifest necessity", United States v. Jorn, 400 U.S. 470, 481, 91 S.Ct. 547, 27 L.Ed.2d 543 (1971), *citing* United States v. Perez, 9 Wheat. 579, 6 L.Ed. 165 (1824). This is so because jeopardy attaches when the jury is empanelled, Serfass v. United States, —— U.S. ——, 95 S.Ct. 1055, 43 L.Ed.2d 265 (1975).

While jeopardy attaches at that time, the purpose of the rule is to protect the defendant against "repeated attempts to convict an individual for an alleged offense." *Id.* at ——, 95 S.Ct. at 1062. Where the government plays no role in necessitating a mistrial, *see* Downum v. United States, 372 U.S. 734, 83 S.Ct. 1033, 10 L.Ed.2d 100 (1963), and where the accused has himself made the request, based on circumstances "not attributable to prosecutorial or judicial overreaching, a motion by the defendant for mistrial is ordinarily assumed to remove any barrier to reprosecution, even if the defendant's motion is necessitated by prosecutorial or judicial error." United States v. Jorn, *supra*, at 485, 91 S.Ct. at 557.

Affirmed.

---

**5.** The appellant also challenged the composition of the grand jury. Whether or not the minutes were relevant to this claim, his challenge did not contain any sworn statement of facts which, if true, would constitute a substantial failure to comply with the Jury Selection and Service Act as required by 28 U.S.C. § 1867.