**UNITED STATES of America,**

v.

**Frank GIOIA, Jr. a/k/a "Franky" a/k/a "The Spaghetti Man", Emilio Ramos a/k/a "Peanut", Jeffrey M. Ford, Charles Arnold, Eric King, Thomas Aldoupolis a/k/a "Burger", Kenneth Scoby, Abelsandro Estremera a/k/a "Kid Rock", Andrew Escoffrey a/k/a "Teddy" a/k/a "Teddy Brown", Noel Griffiths, Joseph Miro, Clifford Williams a/k/a "Doc", Jose Colon a/k/a "Peacock", Ezekiel Tevenal a/k/a "Zeke".**

**Crim. Nos. 92–10253–DPW through 92–10253–DPW–06, 92–10253–DPW–08, 92–10253–DPW–10, 92–10253–DPW–11 and 92–10253–DPW–14 through 92–10253–DPW–19.**

United States District Court,
D. Massachusetts.

May 19, 1994.

---

**22**

Thomas Frongillo, Asst. U.S. Atty., for U.S.

Albert Gaudelli, Forest Hills, NY, for Frank Gioia, Jr.

Michael Avery, Boston, MA, for Emilio Ramos.

David Rossman, Boston University School of Law, Boston, MA, for Jeffrey M. Ford.

John Laymon, Boston, MA, for Charles Arnold.

Paul Troy, Sherburne, Powers & Needham, Boston, MA, for Eric King.

Walter B. Prince, Peckham, Lobel, Casey, Prince & Tye, Boston, MA, for Thomas Aldoupolis.

Patricia C. Curtin, Lynch, Brewer, Hoffman & Sands, Boston, MA, for Derek Scoby.

Edward Leibensperger, Nutter, McClennan & Fish, Boston, MA, for Kenneth Scoby.

Douglas E. Licker, Boston, MA, for Abelsandro Estremera.

Robert Muse, Boston, MA, for Paul Schirmer.

Rosemary Curran Scapicchio, Boston, MA, for Damion Howell.

Elizabeth Lunt, Zalkind, Rodrigues, Lunt & Duncan, Boston, MA, for Andrew Escoffrey.

Keith Halpern, Boston, MA, for Noel Griffiths.

Thoams C. Horgan, Law Office of Thomas Finnerty, Boston, MA, for Joseph Miro.

Melvin Norris, Norris, Kozody & Fong, Boston, MA, for Clifford Williams.

Paul Buckley, Milton, MA, for Jose Colon.

Janice Bassil, Carney & Bassil, Boston, MA, for Ezekiel Tevenal.

John Doherty, Andover, MA, for James Miller.

Benjamin D. Entine, Salem, MA, for John Doe aka Cuzo.

*MEMORANDUM AND ORDER ON GOVERNMENT'S MOTION FOR LEAVE TO FILE GOVERNMENT'S REQUEST FOR STAY OF ORDER REGARDING BILLS OF PARTICULARS WHILE APPEAL IS PENDING (# 424) AND GOVERNMENT'S SUPPLEMENTAL MOTION FOR LEAVE TO FILE GOVERNMENT'S REQUEST FOR STAY OF ORDER REGARDING BILLS OF PARTICULARS WHILE APPEAL IS PENDING (# 423)*

COLLINGS, United States Magistrate Judge.

### INTRODUCTION

A manifest misunderstanding by the Assistant U.S. Attorney assigned to this case as to the proper interpretation of the Federal

Rules of Criminal Procedure and the Rules for United States Magistrate [Judges] in the United States District Court for the District of Massachusetts[1] has caused a procedural morass in this case which has had the effect of delaying the orderly flow of pre-trial proceedings. The Court is left to try to sort out the situation and attempt to restore some order to the pre-trial phase of this case. The within memorandum and order represents the Court's best efforts.

## FACTUAL BACKGROUND

On March 15, 1994, the Court held a conference in this case. At that time, it was determined that the undersigned would rule on all pending discovery-type pre-trial motions and that the defendants would have a period of thirty (30) days to file non-discovery pre-trial motions, said thirty-day period to commence to run on the date on which the Government was to provide any discovery ordered to be disclosed as a result of the Court's ruling on the discovery motions. Among the discovery motions pending at the time were numerous motions for bills of particulars.

I ruled on the motions of thirteen of the defendants for bills of particulars shortly thereafter and ordered the Government to file bills of particulars pursuant to those rulings on or before the close of business on April 1, 1994. *See* # 334, entered March 21, 1994. On April 11, 1994, I ruled on defendant Kenneth Scoby's Motion for Bill of Particulars (# 367) and Jeffrey Ford's Motion (# 339) seeking additional particulars. As part of the rulings on these two motions, I ordered the Government to file bills of particulars as to defendants Kenneth Scoby and Jeffrey Ford on or before the close of business on April 22, 1994. I also entered an Order on March 22, 1994 which read, in pertinent part:

> ... [A]ny additional non-discovery motions which the defendants wish to file and any additional discovery motions which are based on the tapes of consensual recordings and Title IIIs shall be filed and served *on or before the close of business on Monday, May 2, 1994.* The Govern-

ment shall file and serve its response/opposition to any motions filed by the defendants *on or before the close of business on Monday, May 16, 1994.*

On April 1, 1994, the Government filed an "appeal" of the Order entered March 21st directing that the Government file bills of particulars as to the thirteen defendants by April 1, 1994. *See* # 325. No stay of the March 21st Order was sought. On April 20, 1994, the Government filed a "motion for reconsideration" of the April 11th Order which had required the filing of bills of particulars as to Kenneth Scoby and Jeffrey Ford. No stay of the April 11th Order was sought. *See* # 390.

The Government not only did not request a stay of either Order but also failed to comply with either Order. Not surprisingly, the defendants sought extension of the May 2nd date by which they were to file their additional motions. The first motion (# 399) was filed by defendant Clifford Williams. I denied the motion noting that no stay of either the March 21st or April 11th Orders had been sought so that the Government was obligated to provide the particulars.

The Court's Order on Clifford Williams' motion prompted the Government to file on April 29th the Government's Motion for Leave to File Government's Request for Stay of Order Regarding Bills of Particulars While Appeal is Pending (# 424) which read as follows:

> The United States has appealed to the district judge this Court's orders allowing various defendants' motions for bills of particulars. The United States hereby moves for leave to file a request to stay this Court's orders while the appeal is pending. The United States further requests that this Court treat this motion as a request for stay.

In response to a request from the undersigned's clerk that the Assistant U.S. Attorney filing the motion give some justification for the motion, the Government, on May 6, 1994, filed the Government's Supplemental Motion for Leave to File Government's Re-

---

1. Hereinafter, Local Magistrate Judge Rules.

quest for Stay of Order Regarding Bills of Particulars While Appeal is Pending (# 423). That motion read, in pertinent part, as follows:

In support of its motion, the government states:

1. Fed.R.Crim.P. 58(g)(2)(A) governs interlocutory appeals of order and decisions issued by magistrate-judges [sic]. The rule does not refer to motions for reconsideration. Local Magistrate's Rule 2(b) is couched specifically in terms of motions for reconsideration. It contains no reference to interlocutory appeals. Fed.R.Crim.P. 58(g)(2)(A) does not require the moving party to request a stay of the magistrate-judge's [sic] order upon filing an interlocutory appeal, whereas Local Magistrate's Rule 2(c) requires the moving party to request a stay upon filing a motion for reconsideration.

2. The United States proceeded under Fed.R.Crim.P. 58(g)(2)(A) when appealing this Court's orders regarding bills of particulars. The government's pleading is captioned an "appeal," not a motion for reconsideration.

3. The parties treated the government's court. The United States considered its appeal as having the effect of staying this Court's order, [sic] otherwise the appeal would be meaningless. The Court, however, treated the appeal as a motion for reconsideration and so notified the parties.

4. In light of this Court's view of the appeal, the United States promptly filed a motion for leave to request a stay of the Court's order.

5. The defendants will not be prejudiced if this Court enters a stay of its orders while the matter is pending before the district court.

### THE LAW AND RULES

■ Title 28, United States Code, Section 636(b)(1)(A) governs the referral of pre-trial discovery motions to magistrate judges for decision and the mechanism for seeking review by a district judge of any ruling on any such motions. It provides, in pertinent part:

(b)(1) Notwithstanding any provision of law to the contrary—

(A) a judge may designate a magistrate to hear and determine any pretrial matter pending before the court ... A judge of the court may reconsider any pretrial matter under this subparagraph (A) where it has been shown that the magistrate's order is clearly erroneous or contrary to law.

A motion seeking reconsideration or *sua sponte* reconsideration by the district judge pursuant to this statute is the only route by which a magistrate judge's order on a pretrial discovery motion in a criminal case may be reviewed by a district judge. Local Magistrate Judge Rule 2(b) implements that provision, providing:

Any party may move for reconsideration by a district judge of a magistrate's determination made under this rule within ten (10) days after being served with a copy of the magistrate's order, unless a different time is prescribed by the magistrate or a judge. Such party shall file with the clerk of court, and serve on all parties, a written notice of the motion which shall specifically designate the order or part thereof to be reconsidered and the basis for the objection thereto. A judge of the court shall reconsider the magistrate's order and set aside any portion thereof found to be clearly erroneous in fact or contrary to law. The judge may also reconsider any matter sua sponte on the same basis.

Rule 2(c) of the Local Magistrate Judge Rules contains provisions setting forth the effect of a magistrate's order while a request for reconsideration is pending and the manner of seeking to obtain a stay of a magistrate's order. It provides:

(c) The ruling or order of a magistrate in a matter which is heard and determined under Rule 2(a) of these Rules is the ruling of the Court **and is final unless reversed, vacated or modified by a district judge** as provided in Rule 2(b) of these Rules. **The filing of a motion for reconsideration under Rule 2(b) of these Rules shall *not* operate as a stay of the magistrate's ruling or order unless so ordered by the magistrate or district judge, and then only to the extent specifically ordered by**

**the magistrate or district judge.** Any party desiring a stay of a magistrate's ruling or order, or any part thereof, pending ruling on a motion for reconsideration under Rule 2(b) of these rules, shall first apply therefor to the magistrate from whose ruling the motion for reconsideration is taken. If the magistrate denies a stay, written application therefor may then be made to the district judge. Any application to the district judge for a stay shall have appended thereto the certificate of counsel that application for the stay sought has been made to the magistrate and denied by the magistrate, together with a copy of the magistrate's order.

Emphases added.

Rule 58(g)(2)(A), Fed.R.Crim.P., the provision by which the Government purportedly took an "appeal" from my March 21st and April 11th Orders, is totally inapplicable to felony cases. One only has to look at the title of Rule 58, i.e., Procedures for Misdemeanors and Other Petty Offenses, to realize this. Rule 58, effective December, 1990, was enacted to replace the separate Rules of Procedure for the Trial of Misdemeanors before United States Magistrates which had existed prior to that date. It is applicable only to those criminal cases in which no crime greater than a misdemeanor is charged. *See* Rule 58(a)(1), Fed.R.Crim.P. It has absolutely no bearing on indictments charging felonies, such as instant case.

Rule 58(g)(2), Fed.R.Crim.P., deals with appeals in misdemeanor and petty offense cases where the parties have consented to trial, imposition of sentence, and entry of judgment by the magistrate judge as provided in Rule 58(b)(3)(A), Fed.R.Crim.P. Rule 58(g)(2)(A), entitled "Interlocutory Appeal" is designed to permit appeals to a district judge in such cases to the same extent that a party in a felony case would have to take an interlocutory appeal to a circuit court of appeals from a ruling of a district judge.

As is obvious, in seeking to "appeal" the Orders of March 21st and April 11th directing the filing of bills of particulars in the instant case in which the counts charge felonies, the Assistant U.S. Attorney grossly misread and/or misunderstood Rule 58, Fed. R.Crim.P. To the extent that the Government's "appeals" were taken pursuant to Rule 58(g)(2)(A), they were a nullity.

Whether the district judge to whom this case is assigned will summarily dismiss the "appeals" on this ground is unknown. The judge would have the option of treating the "appeals" as motions for reconsideration filed pursuant to Title 28 U.S.C. § 636(b)(1)(A) and Rule 2(b) of the Local Magistrate Judge Rules.

■ Assuming without deciding[2] that the "appeals" will be treated as motions for reconsideration, the question then becomes whether I should grant a retroactive stay pursuant to Rule 2(c) of the Local Magistrate Judge Rules. A party seeking a stay has the burden of setting forth at least a *de minimis* showing that there is some reason to believe that the order which is sought to be stayed will be set aside. The Government has not attempted to make such a showing in its filings to me; rather, it seeks a stay merely on the ground that unless a stay is granted, any reconsideration would be meaningless. This is insufficient to meet the burden. Rather, some minimal demonstration that there are grounds upon which the order might be set aside is required. In this district, a magistrate judge's orders issued pursuant to 28 U.S.C. § 636(b)(1)(A) are not automatically stayed upon the filing of a motion for reconsideration even if the effect of not staying the orders is to render the motion moot.

■ Even though the Government has not endeavored to demonstrate a basis on which my Orders on the motions for bills of particulars might be set aside, I have attempted to think of such a basis but to no avail. The key is the standard of review which the statute, 28 U.S.C. § 636(b)(1)(A), requires district judges to apply when reconsidering orders of magistrate judges issued pursuant to that section. The magistrate judge's order may reconsidered only if it is "clearly

---

**2.** The decision on this issue is one for the district judge, not the undersigned.

erroneous [3] or contrary to law." This would preclude reconsideration of any orders which involve the exercise of discretion, such as rulings on motions wherein either allowing the motion or denying it or allowing part of it and denying the remainder would be within the "discretion" of the judicial officer. In such a situation, none of the actions which the magistrate judge could take would be "contrary to law" although another judicial officer might have chosen to exercise discretion in a different manner.

■ The grant or denial of motions for bills of particulars are within the sound discretion of the judicial officer ruling on the motions. As the First Circuit held almost twenty-four years ago:

> Although the 1966 amendment to Fed. R.Crim.P. 7(f) was intended to liberalize discovery, *Walsh v. United States,* 371 F.2d 436 (1st Cir.), *cert. denied,* 387 U.S. 947, 87 S.Ct. 2083, 18 L.Ed.2d 1335 (1967), the power to grant or deny particulars is still entrusted to the sound discretion of the trial court.

*United States v. Leach,* 427 F.2d 1107, 1110 (1 Cir.), *cert. denied,* 400 U.S. 829, 91 S.Ct. 95, 27 L.Ed.2d 59 (1970).

In such circumstances, a district judge would have to find the magistrate judge's ruling to be an abuse of discretion in order to set aside the ruling on the basis that it is "contrary to law." Taking as objective a view as possible of the merits of my own Orders, I do not see a basis for supposing that the district judge to whom this case is assigned will find that I abused my discretion in ordering the rather minimal particulars which I did in my March 21st and April 11th Orders.

### CONCLUSION

Accordingly, it is ORDERED that the Government's Motion for Leave to File Government's Request for Stay of Order Regarding Bills of Particulars While Appeal is Pending (# 424) be, and the same hereby is, ALLOWED to the extent that it seeks leave to file a request for a stay but DENIED to the extent that it seeks a stay. It is FURTHER ORDERED that the Government's

Supplemental Motion for Leave to File Government's Request for Stay of Order Regarding Bills of Particulars While Appeal is Pending (# 423), which seeks that the Court "... enter a stay of its orders regarding the defendants' requests for bills of particulars" be, and the same hereby is, DENIED. The foregoing rulings on these two motions do not preclude the Government from seeking a stay from the district judge pursuant to Rule 2(b) of the Local Magistrate Judge Rules.

In order to insure that there are no further delays, I set the date and time by which the Government must comply with the March 21st and April 11th Orders as the close of business on *Friday, May 27, 1994.* If no stay is sought from the district judge, or if a stay is sought from the district judge but no stay is granted prior to the close of business on May 27th, the bills of particulars must be filed and served by that time. If no stay is sought from the district judge, or if a stay is sought from the district judge but no stay is granted prior to the close of business on May 27th and the bills of particulars are not filed and served by that time, I shall seriously consider certifying the facts constituting a contempt of court by the Government to the district judge to whom this case is assigned.

---

**3.** The phrase "clearly erroneous" refers to factual findings while the phrase "contrary to law" refers to rulings of law. *See* Local Magistrate Judge Rule 2(b) wherein reference is made to "clearly erroneous in fact."